**In re Harry SANDERS, Premier Homes, Inc., Debtors.**

**Bankruptcy Nos. 88–02252, 88–02274.**

United States Bankruptcy Court, N.D. Florida, Panama City Division.

May 17, 1993.

John E. Venn, Jr., Gulf Breeze, FL, for debtor.

Carol Koehler Ide, U.S. Dept. of Justice, Washington, DC, for I.R.S.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

THIS CAUSE was heard before the Court on the objection of Harry Sanders, a debtor-in-possession (the "Debtor"), to the claim of the United States relating to the non-payment of federal diesel fuel excise taxes. For the reasons stated herein, the Court grants, in part, and denies, in part, the debtor's objection to claim.

At issue in this objection to claim is the liability for unpaid federal excise taxes in the amount of $43,234.05 arising from the sale of fuel through a debtor controlled truck stop under the responsible person statute. The responsible person statute holds an officer or employee liable for any tax, penalty and interest due by a corporation if that person was responsible for collection of the tax and willfully fails to pay

over the tax to the government.[1] At the commencement of the trial before this Court, the parties stipulated that the Debtor was a responsible party for purposes of § 6672. Accordingly the only remaining issue to be resolved by the Court is whether the Debtor possessed the requisite willfulness to give rise to responsible person liability.

The United States argues that the Debtor cannot avoid liability for the non-payment of excise taxes by delegating the responsibility for the calculation, collection and remittance of those taxes to subordinates. The government also asserts that the Debtor had sufficient knowledge of the problems associated with the management and operation of the business to give rise to a duty to investigate and correct those problems. His failure to so investigate and correct, according to the government's cited authority, constitutes reckless disregard and thereby give rise to responsible person liability. The Debtor asserts that he had no actual knowledge of the non-payment of excise taxes until August 1987, and upon learning of their non-payment, he undertook all reasonable business measures to ensure their then prompt payment. Accordingly, the Debtor asserts he lacked the willfulness required for § 6672 responsible party liability.

The factual situation underlying the present dispute involves a truck stop located in Bonifay, Florida. Title to the business was held by Sumpin' Else Truck Plaza, a Florida corporation wholly owned by the Debtor.[2] In a manner similar to the rest of his varied business interests [3], the Debtor monitored and maintained control of the truck stop's operations by a combination of an on-site manager, review of daily operating reports and periodic meetings with key personnel, and reviewing and signing all disbursement checks issued on the business operating accounts. This last management control device is significant to this cause in that the Debtor approved all monies disbursed by the truck stop upon review of checks and accompanying invoices prepared by on-site managers.

The truck stop never produced an annual profit since its acquisition by the Debtor in either 1984 or 1985. The Debtor also indicated that he had frequently injected personal resources to ensure the operation's continued vitality.[4] In late 1986, the Debtor became aware of inventory losses, and as a result, fired the then manager, a Mr. Stevens. Between Mr. Stevens dismissal in December 1986 and its closure in September 1987, the truck stop went through several management changes. In early April 1987, the truck stop's accounting system underwent a major conversion from a computer based system to a manual system. Although monthly financial statements were not immediately available, the Debtor continued to receive and review daily operating reports as well as copies of invoices with the prepared checks.

Testimony at trial indicated the Debtor first became aware of a potential problem in early June 1987 when he was informed by the Internal Revenue Service's local Panama City office that an excise tax return for the first quarter of 1987 ending March 31 had not yet been filed. In re-

---

**1.** Section 6672 of the Internal Revenue Service Code provides:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

**2.** Title to the real property upon which the business was located is in the Debtor's individual name. Testimony at trial indicated that the business paid rent as cash flow permitted. The Debtor did not receive any salary from his role as President of Sumpin' Else Truck Stop.

**3.** The Debtor owned business interests in fast food franchises, excavating and general contracting, homebuilding and residential development, and laundry and dry cleaning in addition to the truck stop throughout the relevant time period.

**4.** The truck stop lost approximately $200,000 in 1986. The Debtor testified that he was injecting $10–12,000 per month to make up for cash shortfalls in late 1986.

sponse the Debtor hired an experienced accountant, Camilia Roth, to examine the truck stops records. Preparation of a first quarter return indicated an excise tax liability of about $9,000. A check in that approximate amount was prepared by a subordinate, signed by the Debtor and filed with the government on or about August 6, 1987. Upon further review of the truck stop's records, it was discovered in late July that a second quarter excise tax return had also not been filed. The second quarter return was subsequently prepared reflecting a liability in the amount of $38,-572.35, and was also filed on or about August 6, 1987. A third quarter excise tax return reflecting a $4,661.70 liability was prepared and filed on or about October 20, 1987. The Debtor closed the operations of the truck stop in September 1987. In June 1987, the Debtor signed fifteen checks totalling $14,168.25 for the payment of excise taxes which, for some unexplained reason, were never presented for payment against the truck stop's checking account.

 Once it is established that a party is a responsible party pursuant to § 6672, the burden of proving lack of willfulness is on the taxpayer. *Mazo v. United States,* 591 F.2d 1151, 1155 (5th Cir.1979); *Thibodeau v. United States,* 828 F.2d 1499, 1505 (11th Cir.1987). Willfulness sufficient to give rise to responsible person liability under § 6672 may be shown in either of two methods. First, willfulness can be demonstrated if the responsible person can be shown to have made payments to other creditors after he became aware of the failure to remit the trust fund taxes to the government. *Thibodeau,* 828 F.2d at 1506; *Smith v. United States,* 894 F.2d 1549, 1553 (11th Cir.1990). Willfulness may also be shown by demonstrating the responsible person acted with a reckless disregard of a known or obvious risk that trust fund taxes may not be remitted to the government. *Thibodeau,* 828 F.2d at 1505; *George v. United States,* 819 F.2d 1008, 1011 (11th Cir.1987).

 At the start of the trial, the parties agreed that the Debtor had directed the corporation in September 1987 to remit $8,507.61 to himself for partial repayment of personal advances after learning of an unpaid excise tax liability. This payment in light of a known unpaid excise tax liability by the responsible party satisfies the first method of demonstrating willfulness under § 6672, and therefore the Debtor is liable to the government for this amount. The balance of the Court's inquiry focuses upon whether the Debtor acted in reckless disregard of his responsibilities to ensure payment of federal excise taxes.

 The Court finds the Debtor acted with reckless disregard to a known or obvious risk of nonpayment of excise taxes for the second and third quarters of 1987. Ample testimony was presented at trial of the truck stop's financial and managerial difficulties. In addition to the continuing operating losses and periodic cash infusions, the Debtor was aware of and involved in the decision to replace managers and accountants throughout the period in question. The Debtor reviewed daily operating reports and participated in frequent meetings held to review the truck stop's operations. However most damaging to the Debtor's case is the fact that he was the sole signatory on the truck stop's checking accounts, and personally reviewed and approved all invoices paid. Testimony also revealed that the Debtor was aware of the requirement to pay federal excise taxes upon the purchase of diesel fuel, and that the truck stop purchased fuel at least daily. In fact, it was standard procedure for the excise tax checks to be prepared and presented with the daily fuel invoices at the time the Debtor signed the fuel payment checks. Because the truck stop made daily fuel purchases and the Debtor routinely signed excise tax checks along with fuel purchase checks, the Court finds unpersuasive the claim that the Debtor would be unaware that excise tax checks were not presented with the fuel checks for a two month period between April and May 1987.

 Even if an oversight of this type of obvious omission fails to rise to the level of actual knowledge, the Debtor may still be found to be liable based on reckless disre-

gard. Contrary to the Debtor's assertion, willfulness does not require a voluntary, conscious and intentional decision on the part of the responsible person. The rule of law in this Circuit with respect to demonstrating willfulness under § 6672 is the reckless disregard of known or **obvious** risk of non-payment of trust fund taxes. *Thibodeau*, 828 F.2d at 1505. The Court finds the risk of non-payment of the excise taxes to be obvious given the Debtor's standard business practices especially in light of the truck stop's continuing operating losses and the conversion of its accounting system from a computer based to a manual system. This type of conversion runs counter to prevailing general business practices, and should have caused the Debtor to exercise greater care to avoid the risk of oversight in the preparation of the checks for the excise taxes. There was no evidence that the Debtor exercised any greater care in the face of an obvious enhanced risk of non-payment of excise taxes during this period, and for this reason, the Court finds the Debtor acted with reckless disregard sufficient to satisfy the willingness element of § 6672.

The Court also finds that the Debtor is not entitled to hide behind the skirts of delegation of authority to shield himself from responsible party liability. It is true that reasonable cause, including delegation of responsibility, **may** excuse the responsible party from § 6672 liability. *Mazo*, 591 F.2d at 1155. However mere delegation alone does not constitute reasonable cause for excuse from § 6672 responsible party liability. *Id.* Moreover the Court finds that there was no delegation of responsibilities here since the Debtor has at all times been sole signatory on the business checking accounts. Delegation cannot occur in this context when the "delegating" party retains sole authority to make the required tax payments.

The Debtor also asserts in his defense that certain checks were prepared and signed for delivery to the government in June 1987, but for some unexplained reason, the checks never cleared against the truck stop's account. We find that a responsible person is entitled to rely on standard business procedures and practices as a defense to § 6672 liability, including delegation of responsibility for the physical delivery of the checks to the government, once a check for the payment of trust fund taxes has been prepared and signed. A responsible party need not engage in a review every detail following the proper calculation of tax and preparation of a payment check to ensure that a tax is paid to avoid § 6672 liability. Accordingly, the Debtor's liability under § 6672 shall be reduced by $14,168.25, the face value of fifteen checks prepared and signed for payment of excise taxes between June 5 and June 30, 1987.

Accordingly, the Internal Revenue Service's claim will be allowed in the amount of $29,065.80, that amount representing the difference between the total unpaid excise tax liability claimed by the I.R.S. of $43,-234.05 and the total of the tax payment checks prepared, but which did not clear against the truck stop's checking account of $14,168.25. A separate order consistent with the Findings of Fact and Conclusions of Law will be entered.