68 F.3d 483
 76 A.F.T.R.2d 95-6839, 95-2 USTC P 50,561,
Unempl.Ins.Rep. (CCH) P 14833B
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Raymond C. KELLEY, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 94-6376.
 United States Court of Appeals, Tenth Circuit.
 Oct. 6, 1995.
 
 Before MOORE, ANDERSON, and BRORBY, Circuit Judges.
 ORDER AND JUDGMENT*
 STEPHEN H. ANDERSON, Circuit Judge.
 
 
 1
 Raymond C. Kelley appeals from the district court's summary judgment against him on his liability for taxes under 26 U.S.C. Sec. 6672. He contends that the district court erred in finding that, as a matter of law, he was a responsible person who willfully failed to pay over withholding taxes under the statute. We affirm.
 
 
 2
 The Internal Revenue Code requires certain employers to withhold federal social security and income taxes from the wages of their employees and to remit the amounts to the IRS. 26 U.S.C. Secs. 3102(a), 3402(a). Withholding occurs each pay period, but the funds are paid over to the government on a quarterly basis. Prior to the time they are paid over, the amounts withheld constitute a special fund held in trust for the benefit of the United States. 26 U.S.C. Sec. 7501; Slodov v. United States, 436 U.S. 238, 242-43 (1978); Purcell v. United States, 1 F.3d 932, 936 (9th Cir.1993). In order to assure that the trust fund taxes are properly collected and paid over, 26 U.S.C. Sec. 6672 imposes personal liability upon certain responsible persons who willfully fail to discharge their responsibilities as follows:
 
 
 3
 Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall ... be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.
 
 
 4
 26 U.S.C. Sec. 6672(a).
 
 
 5
 At issue in this case are trust fund taxes due for the fourth quarter of 1987 and the third quarter of 1988 (period A), as well as the fourth quarter of 1988 (period B). Mr. Kelley concedes that, throughout the relevant periods, he was responsible for collecting the trust fund taxes. He also admits that, rather than segregating the trust fund taxes at the time the company issued checks for the employees' net wages, he left the money in the company's general checking account in order to cover operating expenses. Appellant's App. at 37-38. Nonetheless, he argues that his failure to pay the trust fund taxes was not willful for period A, and that he was not the responsible person for period B.
 
 
 6
 Applying a de novo review, Hirase-Doi v. U.S. West Communications, Inc., 61 F.3d 777, 781 (10th Cir.1995), we conclude that the district court did not err. In the context of section 6672, willfulness is the " 'voluntary, conscious and intentional decision to prefer other creditors over the Government.' " Muck v. United States, 3 F.3d 1378, 1381 (10th Cir.1993) (quoting Denbo v. United States, 988 F.2d 1029, 1033 (10th Cir.1993) (internal quotations and citations omitted)). Willfulness may also be shown by a reckless disregard of an obvious risk that the trust funds may not be paid to the government. Denbo, 988 F.2d at 1033 (citing Smith v. United States, 894 F.2d 1549, 1554 n. 5 (11th Cir.1990)). While mere negligence will not satisfy the willfulness requirement, id., proof of willfulness does not require a showing of a bad motive. Muck, 3 F.3d at 1381 (citing Burden v. United States, 486 F.2d 302, 304 (10th Cir.1973), cert. denied, 416 U.S. 904 (1974)). It is the responsible person's burden to show that his failure to remit taxes was not willful. Id.
 
 
 7
 Kelley's first argument focuses on his state of mind when, at the eleventh hour before filing bankruptcy, he attempted to pay the overdue taxes for period A with two checks that were dishonored upon timely presentment.[1] First he argues that he did not know the checks would not be honored; and, second, he argues that the IRS should have resubmitted the checks, in which case one would have been paid. This argument ignores the critical fact that the taxes constitute a special fund held in trust for the United States from the time they are withheld from employees' paychecks.
 
 
 8
 Thus, contrary to Kelley's assertions, our consideration of willfulness begins with the responsible party's actions from the moment the employees' net wages are paid and taxes are withheld. As noted, Kelley did not segregate the trust fund taxes, but used them to cover operating expenses such as employees' wages and claims of other creditors, including himself. Each such payment was a "voluntary, conscious, and intentional" decision to prefer other creditors over the government. See Purcell, 1 F.3d at 938. In effect, he treated the government as a partner in his failing business, and with every disbursement, he increased the risk that the company would be unable to remit the funds when due.
 
 
 9
 As the responsible person, Kelley cannot negate his willfulness simply because he eventually wrote checks to the IRS which he believed--mistakenly--would be honored.[2] Moreover, the IRS's failure to resubmit the checks after the initial dishonors does not change our conclusion. The obligation imposed by the statute is on the responsible person, not the IRS. For the same reason, the fact that the company may have had sufficient money in the bankruptcy estate to cover the taxes is irrelevant.[3] Smith v. United States, 894 F.2d 1549, 1554-55 (11th Cir.1990) (also noting that the failure to segregate trust fund taxes is an indication of willfulness).
 
 
 10
 Finally, we also reject Kelley's conclusory, two-sentence argument that he was not the person responsible for paying the trust fund taxes for period B, since the company filed for bankruptcy prior to the date the taxes were due. The fact that Kelley filed bankruptcy on the company's behalf two days prior to the quarter's end did not change his status as the person responsible for collecting the taxes in the first instance; hence he remains liable under the statute. Slodov, 436 U.S. at 247-50 (refusing to limit liability only to persons responsible for all three duties under the statute: "If Sec. 6672 were given petitioner's construction, the penalties easily could be evaded by changes in officials' responsibilities prior to the expiration of any quarter."); Thibodeau v. United States, 828 F.2d 1499, 1506 (11th Cir.1987) (finding it irrelevant that the corporation declared bankruptcy before trust fund taxes were actually due).
 
 
 11
 Accordingly, the judgment of the district court is AFFIRMED.
 
 
 
 *
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [1]
 In late December 1988, the company sent the IRS two checks, drawn on two separate banks, apparently to cover delinquent trust fund taxes for period A. Both were deposited for payment on December 28, and both were returned because of "uncollected funds." Appellant's App. at 149-50. During this same period, other company checks were returned. Id. at 145. Following a new deposit in one of the accounts, some of the returned checks were resubmitted and honored in early January 1989. Id. at 191
 
 
 [2]
 Since any provisional balance in the two accounts was subject to collection and charge back, see United States v. Cronic, 900 F.2d 1511, 1516 (10th Cir.1990), in fact, Kelley's failure to assure that there were sufficient collected funds to cover the checks he wrote is a further indication of reckless behavior amounting to willfulness. " '[A] bank is not required to honor checks that exceed the current collected balance in the depositor's account.' " Id. (quoting Brady on Bank Checks, at p 18.1)
 
 
 [3]
 Neither party's brief states why the IRS was unable to obtain payment from the bankruptcy estate. However, during oral argument, Kelley claimed, in essence, that the IRS should be estopped from collecting against him, since it failed to make any claim in the bankruptcy court. Inasmuch as he failed to raise this argument below or in his brief, it is waived. State Farm Fire & Casualty Co. v. Mhoon, 31 F.3d 979, 984 n. 7 (10th Cir.1994); Walker v. Mather (In re Walker), 959 F.2d 894, 896 (10th Cir.1992)