**In re Alfred B. POND, Debtor.**

**Bankruptcy No. 94–31879–BKC–SHF.**

United States Bankruptcy Court,
S.D. Florida.

Sept. 18, 1996.

Brad Culverhouse, Ft. Pierce, FL, for Debtor.

Robert J. Higgins, Trial Attorney, Tax Division, U.S. Dept. of Justice, Washington, DC, for IRS.

## ORDER OVERRULING OBJECTION TO CLAIM

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court September 11, 1995, for hearing on the objection of the Debtor, Alfred B. Pond (the "Debtor"), to the claim of the Internal Revenue Service ("IRS"), filed in the amount of $61,394.45. The IRS contends that the Debtor is a "responsible person" for Jolie's Books, Inc. ("Jolie's"), pursuant to Section 6672 of the Internal Revenue Code, and thus is personally liable for the unpaid taxes of Jolie's. Having considered the evidence, the candor and demeanor of the witnesses, the argument of counsel and for the reasons set forth below, the Court overrules the Debtor's objection to the claim of the IRS and finds that the Debtor is a person responsible for the unpaid taxes of Jolie's.

The Debtor's wife, Jolie Pond, owned a book store known as Jolie's Books. Jolie Pond and Scott Pond, the son of the Debtor and his wife, were the only shareholders of Jolie's. During the period of 1988 through 1992 and during the third quarter of 1993, Jolie's became delinquent in payment of its employee withholding taxes and social security taxes. Jolie's eventually filed bankruptcy and never paid the delinquent taxes. On October 20, 1993, the IRS sent the Debtor a letter notifying him that because the efforts of the IRS to collect taxes from Jolie's were not successful, the IRS planned to charge the Debtor as a "responsible person" for the unpaid trust fund taxes. On February 14, 1994, the IRS assessed a penalty against the Debtor in the amount of $33,662.09 for the trust fund portion of the unpaid employment taxes of Jolie's. On June 7, 1994, the Debtor filed for protection under Chapter 13 of the Bankruptcy Code. The IRS filed a proof of claim claiming it held a secured tax lien for $34,298.11 on real property, a motor vehicle and all property and rights to property, and an unsecured priority tax claim in the amount of $2,096.34. The Debtor objected to the IRS's proof of claim on the basis that the Debtor was not a responsible person under Section 6671(b) of the Internal Revenue Code and that the penalty assessment against the Debtor was invalid.

Pursuant to 26 U.S.C. § 6672(a)—

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade of defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total

amount of the tax evaded, or not collected, or not accounted for and paid other.

Section 6671(b) defines "person" to include—

an officer or employee of a corporation, or a member or employee of a partnership, who as such officer, employee, or member is under a duty to perform the act in respect of which the violation occurs.

Case law has determined that the responsibility of a person is a—

"matter of status, duty and authority, not knowledge." Indicia of responsibility includes the holding of corporate office, control over financial affairs, the authority to disburse corporate funds, stock ownership, and the ability to hire and fire employees.

*Thibodeau v. United States,* 828 F.2d 1499, 1503 (11th Cir.1987) (citations omitted). Whether a person is "responsible" is the first part of the equation. A "responsible" person will not be liable for the unpaid trust fund taxes unless it is also determined that the person "willfully attempts in any manner to evade or defeat any such tax or the payment thereof."

The term "willfully" is defined by prior cases as meaning, in general:

a voluntary, conscious, and intentional act, such as payment of other creditors in preference to the United States, although bad motive or evil intent need not be shown. The willfulness requirement is satisfied if the responsible person acts with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the Government, such as by failing to investigate or to correct mismanagement after being notified that withholding taxes have not been duly remitted.

*Mazo v. United States,* 591 F.2d 1151, 1154 (5th Cir.1979) (citations omitted). William Repoli, a revenue officer for the IRS, testified that he decided to recommend that the Debtor be assessed 100% of the tax penalty because the Debtor was involved in the business, was listed as a manager in the city telephone directory, guaranteed Jolie's lease, and was a significant investor in the business. Introduced into evidence was Repoli's "Report of Interview held with Persons Relative to Recommendation of 100–Percent Penalty Assessments" for an interview held with the Debtor on July 21, 1993. Repoli's report notes that the Debtor stated that he was the manager of Jolie's who "oversees employees, pays small bills & signs checks as needed in addition to general duties of running the store." The Debtor and his wife testified at the hearing that Jolie's was the business of Jolie Pond alone, and that the Debtor merely helped in the store. According to their testimony, the Debtor was never a shareholder; he was elected as an officer for 20 days while his wife was in China; Jolie made all management and financial decisions; the Debtor did none of the hiring or firing; all checks that the Debtor wrote on behalf of Jolie's were first approved by his wife, and the Debtor had no knowledge of the unpaid tax liability. Further, although the Debtor invested money in Jolie's, he held no pecuniary interest in Jolie's.

■ Although, for purposes of the issues before this Court, it would be in the Debtor's best interest that he not be considered a "responsible" person under 26 U.S.C. §§ 6671 *et seq.,* the evidence before the Court indicates otherwise. The definition of a "person" under 26 U.S.C. § 6671(b) set forth above is inclusive rather than restrictive, and thus is subject to interpretation. According to both the debtor and his wife, it was Jolie Pond who made the financial decisions for Jolie's Books, and it was Jolie Pond who determined which creditors were, and were not, to be paid. Furthermore, the Debtor signed checks on behalf of Jolie's only with his wife's approval, unless she was out of town, or unless it was necessary for him to pay emergency expenses. Otherwise, Jolie Pond, and not her husband, was responsible for the day-to-day of Jolie's Books, Inc. The Debtor did not have the authority to hire or terminate employees, or enter into contracts on behalf of Jolie's. Rather, the Debtor simply assisted his wife in her store, operated the computer equipment owned by Jolie's, performed repair work when needed, filed and inventoried books, and waited on customers.

Yet while in the minds of the Debtor and his wife, the Debtor may have been only a common laborer, in reality the Debtor was a

co-venturer and investor with his wife in Jolie's Book Store, Inc. The most telling indication that the Debtor possessed more than a passing interest in Jolie's is in the form of the December 31, 1991 Financial Report and Statements for Jolie's. The statement, prepared on or about December 31, 1991, indicates that the Debtor "is the executive manager & incharge (sic) of computer data management, & purchasing. He has the greatest working knowledge of the store. Jolie has the greatest executive or administrative knowledge of the store." The report notes that the Debtor "has invested a great amount of money to the business (and) has steadfastly worked long, loving hours & has always been underpaid." The financial information encompassed in this report bears out the foregoing statement. Through 1987, the Debtor and his wife jointly had invested principal amounts exceeding $444,000 into the Jolie's Books venture. The Debtor, a former career United States Air Force Tech Sergeant and Pratt–Whitney employee, has invested his life's savings (with his wife) into Jolie's. Although the Debtor may have occupied a subservient role in the operation of Jolie's, in one very significant aspect he exerted control over Jolie's financial affairs—to the extent that he was, at the very least, a creditor of Jolie's for at least $220,000 (his one-half share of the joint obligation owed by Jolie's). The Debtor thus had a strong incentive to assist his wife in the operation of Jolie's, that being to protect his investment. Thus, considering the magnitude of the Debtor's investment in Jolie's, together with his status as manager of the Jolie's, and his exercise of authority in paying various of the expenses of Jolie's, the Court concludes that the Debtor falls within the definition of a responsible person under 26 U.S.C. § 6671(b).

As noted above, an individual deemed a responsible person for a recalcitrant tax payer can be held personally liable for the unpaid taxes only if he or she is deemed to have "willfully" attempted to evade or defeat payment of the taxes. The Debtor contends that his failure to pay Jolie's withholding taxes was not wilful, in that his authority to issue checks was subject to the complete control of his wife, who oversaw the payroll process for Jolie's and signed all payroll checks. In addition, the Debtor asserts that he had no knowledge that there were insufficient funds available to meet payment of the payroll taxes. However, the Debtor knew at least as early as October 20, 1993 (the date of the correspondence of the IRS directed to the Debtor) that Jolie's was not remitting withholding taxes. The Debtor continued to perform duties on behalf of Jolie's, as "manager" or "executive manager" of Jolie's, including the issuance of checks, well beyond October 1993. He thus had the ability to direct the payment of the available funds of Jolie's to satisfy the trust fund obligation of Jolie's rather than to satisfy the obligations due to other creditors. "Once an individual is established as a—responsible person—, he has the burden of disproving wilfulness.... This court has held that the wilfulness requirement of section 6672 is satisfied if the responsible person has knowledge of payments to other creditors after he becomes aware of the failure to remit the withheld taxes." *Williams v. U.S.*, 931 F.2d 805, 810 (11th Cir.1990). Once it is established that a person is a responsible person, he has the burden of disproving willfulness. *Smith v. U.S.*, 894 F.2d 1549, 1552 (11th Cir.1990). *Sub judice*, the Debtor has failed to do so. Perhaps the Debtor chose to ignore the liability due to the IRS, at a time when he had full capability to satisfy same, rather than to run the risk of marital discord by paying the IRS obligation against his wife's wishes. Nonetheless, the record warrants a determination that the Debtor, as a responsible person of Jolie's Books, Inc., willfully failed to pay the trust fund portion of Jolie's withholding taxes for the tax periods set forth in the Proof of Claim filed by the IRS. Accordingly, it is hereby

**ORDERED** that the Debtor's objection to the claim of the Internal Revenue Service is **overruled.**