**UNITED STATES of America,
Appellant,**

v.

**Carlos BELTRAN, Appellee.**

**No. 04–21467–CIV–HUCK.**

United States District Court,
S.D. Florida.

Sept. 8, 2004.

372

Mary Apostolakos Hervey, Washington, DC, for Appellant.

Lawrence Shapiro, Miami, FL, for Appellee.

## *ORDER*

HUCK, District Judge.

### *Procedural Background*

This is a bankruptcy appeal by Appellant and creditor below, United States of America from the Order Granting Debtor's Objection to the Claim of the Internal Revenue Service ("IRS"), entered on April 15, 2004, in favor of Appellee and debtor below, Carlos Beltran ("Debtor"). The final judgment is based on the bankruptcy court's Order Granting Debtor's Objection to the Claim of the Internal Revenue Service. This Court has jurisdiction pursuant to 28 U.S.C. § 158.

In summary, Appellant contends that the bankruptcy court erred in sustaining Debtor's objection to Appellant's filing of its proof of claim based on the responsible officer penalty under 26 U.S.C. § 6672 and erred in finding that Debtor did not willfully fail to collect, account for, or pay employment taxes.

### *Standard of Review*

District courts function as appellate courts in reviewing bankruptcy courts' decisions. A bankruptcy court's findings of fact will be upheld unless found to be clearly erroneous. Fed. R. Bank. P. 8013. *See also In re Calvert,* 907 F.2d 1069 (11th Cir.1990). A bankruptcy court's finding of fact is clearly erroneous where, although

there is evidence to support the finding, the district court on its review of all the evidence is left with the definite and firm conviction that a mistake has been made. *United States v. U.S. Gypsum,* 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948). Conclusions of law made by a bankruptcy court, however, are subject to *de novo* review. *In re Calvert, supra.*

### Factual Background

In November 2003, Debtor challenged the proof of claim filed by the IRS, under which the IRS alleged it held a secured claim for $158,225.23 in "responsible party" tax penalties associated with the failure to pay employee withholding taxes for Sun Trade Group, Inc. d/b/a Havana Sunrise, a cigar manufacturing business. Debtor contested $93,579.84 of the IRS claim. Debtor, who was the Vice President and equal shareholder in the business and had check-writing authority, stipulated at trial that he was a responsible person under the applicable statute, 26 U.S.C. § 6672, but argued that he had not acted "willfully" in failing to collect or in failing to account for and pay over such taxes.

The bankruptcy court conducted a trial on April 14, 2004, during which the uncontested testimony established that Debtor had always been aware of the duty to pay the withholding taxes and was advised by his accountant that tax liabilities were accruing as early as the first quarter of 1997. Nonetheless, Debtor failed to account for and pay such taxes from that date forward, while continuing to pay employees their net wages, his own salary, regular business expenses and other creditors. Appellant introduced bank statements and cancelled checks signed by Debtor indicating that while Sun Trade Group, Inc. had sufficient funds with which to pay the taxes other creditors were paid instead. At the conclusion of the trial, the bankruptcy court

made its findings of fact and conclusions of law orally on the record, determining that Debtor did not act willfully in failing to pay employment taxes during the applicable period. The bankruptcy court's findings were based in large part on evidence presented by Debtor demonstrating his cooperation with the assigned IRS officer to facilitate collection of the past due employment taxes. On April 15, 2004, the bankruptcy court entered the Order Granting Debtor's Objection to Claim of the Internal Revenue Service, and on April 26, 2004, the bankruptcy court denied Appellant's motion for reconsideration. This appeal followed.

### Summary of Issues on Appeal

The determinative issue on appeal is whether the bankruptcy court clearly erred in finding that Debtor's failure to collect, account for, or pay federal withholding taxes was not "willful" within the meaning of 26 U.S.C. § 6672.

### Discussion

■■■ The federal government may, under certain circumstances, hold a taxpayer personally liable for failure to pay employee withholding taxes. Under Section 6672:

Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the total amount of the tax evaded, or not collected, or not accounted for and paid over.

26 U.S.C. § 6672(a). The statute thus requires two elements to establish personal liability for unpaid withholding taxes: (1) the individual must be a person responsible for the collection and payment of withholding taxes; (2) the individual's failure to

comply with the statute must be willful.[1] *Hochstein v. United States,* 900 F.2d 543, 546 (2d Cir.1990). *See also United States v. Carrigan,* 31 F.3d 130 (3d Cir.1994). The individual against whom the assessment is made bears the burden of proving lack of willfulness by a preponderance of the evidence once it is established that the taxpayer is a responsible person. *Mazo v. United States,* 591 F.2d 1151, 1155 (5th Cir.1979).[2] *See also Smith v. United States,* 894 F.2d 1549 (11th Cir.1990); *Thibodeau v. United States,* 828 F.2d 1499 (11th Cir.1987); *Hornsby v. I.R.S.,* 588 F.2d 952 (5th Cir.1979); *United States v. Marino,* 17 Fla. L. Weekly Fed. D857, D859 (M.D.Fla. May 12, 2004).

■ The bankruptcy court found that Debtor's failure to pay the withholding taxes was not willful. This finding of fact will not be overturned unless found to be clearly erroneous. *See In re: Calvert,* 907 F.2d 1069 (11th Cir.1990); *Hornsby,* 588 F.2d at 954; *Bradshaw v. United States,* 83 F.3d 1175 (10th Cir.1996). The bankruptcy court is accorded due regard as it is in the best position to judge the credibility of witnesses. *Southtrust Bank of Alabama, N.A. v. Thomas,* 883 F.2d 991, 994 (11th Cir.1989). In this case, the bankruptcy court specifically noted that it found Debtor to be a credible witness. It based its finding of lack of willfulness in large part on the fact that Debtor was forthright in admitting that he was a "responsible person" within the meaning of Section 6672 and that Debtor, after receiving the IRS's demand in May 1998 for full payment of the past due taxes, cooperated fully and openly with the IRS revenue

officer, never attempting to "pull the wool" over Appellant's eyes.

■ Appellant argues that Debtor's subsequent cooperation in assisting Appellant in collecting the past due taxes is irrelevant to the issue of willfulness. This Court agrees. Willfulness requires only the commission of a "voluntary, conscious, and intentional act." *Mazo,* 591 F.2d at 1154. A responsible person acts "willfully" within the meaning of Section 6672 when he pays other creditors in preference to the IRS knowing that withholding taxes are due. *Id. See also Smith,* 894 F.2d at 1554 (holding that taxpayer did not disprove willfulness where there was evidence he paid employees their net wages despite his knowledge that taxes were due); *Hornsby,* 588 F.2d at 953 (finding willfulness where responsible person knew that money owed to the government for unpaid withholding taxes was used for other corporate purposes); *Frazier v. United States,* 304 F.2d 528 (5th Cir.1962) (finding willfulness where responsible person paid his employees their net wages when the corporation had insufficient assets to cover the taxes thereon and, when such funds became available, preferred subsequent creditors); *United States v. Marino,* 17 Fla. L. Weekly Fed. D857, D859 (M.D.Fla. May 12, 2004) (reversing bankruptcy court's finding and holding that responsible person acted willfully where she had actual knowledge that payments were being made to other creditors before the Government). Willfulness does not require a showing of fraud or bad motive. *Marino,* 17 Fla. L. Weekly Fed. at D859. *See also Hochstein,* 900 F.2d at 548.

---

1. Because Debtor conceded at trial that he was a responsible person during the applicable time period, the bankruptcy court focused only on the second issue—whether Debtor's failure to pay withholding taxes was willful. This is the only issue addressed on appeal.

2. All decisions of the Fifth Circuit prior to October 1, 1981 are binding precedent on this Court. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc).

■ The evidence in the record below clearly establishes that Debtor paid other creditors after becoming aware that federal withholding taxes were due. *See* Appellant Exhibits 5, 6 and 7. Debtor admitted that he paid his employees their net wages, continued to pay himself, albeit at a lower salary, and paid other creditors, particularly the company's main supplier of raw tobacco, in preference to Appellant. *See* Appellant Exhibit 9, p. 16, 31, 83. *See also* Transcript, p. 55. Because the evidence establishes that Debtor paid other creditors while he was aware that federal withholding taxes were due, his failure to pay the taxes constitutes willfulness.

### Conclusion

For the reasons discussed above, the Court determines that the bankruptcy court's factual determination that Debtor did not "willfully" fail to pay the employee withholding taxes in question was clearly erroneous. It is therefore

ORDERED that the bankruptcy court's April 15, 2004 Order Granting Debtor's Objection to the Claim of the Internal Revenue Service is REVERSED and this case REMANDED to the bankruptcy court for action consistent with this decision.