**In re Steven Lamont PULLMAN, Debtor.**

**Steven Lamont Pullman, Plaintiff,**

**v.**

**United States of America, Internal Revenue Service, Defendant.**

**Bankruptcy No. 02–83326–RGM.**
**Adversary No. 04–1221.**

United States Bankruptcy Court,
E.D. Virginia,
Alexandria Division.

Nov. 30, 2004.

Ann N. Kathan, Ann N. Kathan, PLLC, Alexandria, VA, for debtor.

Donald F. King, Fairfax, VA, W. Clarkson McDow, Jr., Alexandria, VA, Office of the U.S. Trustee, Trustee.

### MEMORANDUM OPINION

ROBERT G. MAYER, Bankruptcy Judge.

THIS CASE was before the court on November 23, 2004, on the motion of the United States on behalf of the Internal Revenue Service, for partial summary judgment. The IRS asked the court to find that an assessment it made of a trust-fund recovery penalty against the debtor on September 18, 2000, and the filing of a notice of tax lien on April 2, 2001, did not violate the automatic stay imposed by § 362 of the United States Bankruptcy Code.

The debtor filed two petitions in bankruptcy in this court. The first, Case No. 99–10088, was filed on January 8, 1999, as a chapter 11 case. It was converted to a case under chapter 7 by an order entered on the docket on October 6, 1999, (Docket Entry 240). The debtor was granted a chapter 7 discharge by an order entered on the docket on April 8, 2000 (Docket Entry 323). On September 18, 2000, the IRS assessed a trust-fund penalty against the debtor. On April 2, 2001, the IRS filed a notice of tax lien in the Clerk's office of the Circuit Court of Fairfax County, Virginia. The trustee filed a no distribution report on July 8, 2002 (Docket Entry 367) and the case was closed on July 30, 2002 (Docket Entry 369).

The debtor filed a second petition in bankruptcy under chapter 11 of the United States Bankruptcy Code in this court on July 5, 2002, a few days before the chapter 7 trustee in the first case filed his no distribution report and a few weeks before the first bankruptcy case was closed. The case was converted to a case under chapter 7 by order entered on the docket on July 25, 2003 (Docket Entry 109). No discharge has been granted to the debtor in this case and he is not entitled to one. 11 U.S.C. § 727(a)(8).

### ASSESSMENT OF TRUST-FUND PENALTY

■ While § 362(a) precludes all parties including the IRS from taking certain actions, § 362(b)(9)(D) exempts the assessment of any tax from the ambit of § 362(a). Section 362(b)(9)(D) states that § 362(a) does not operate as a stay of:

the making of an assessment for any tax and issuance of a notice and demand for payment of such an assessment (but any tax lien that would otherwise attach to property of the estate by reason of such an assessment shall not take effect unless such tax is a debt of the debtor that will not be discharged in the case and such property or its proceeds re transferred out of the estate to, or otherwise revested in, the debtor).

It is clear that notwithstanding the filing of the petition in bankruptcy, the granting of the debtor's discharge, or the closing of the bankruptcy estate, the IRS had the right to assess the trust-fund penalty at any time.

### NOTICE OF TAX LIEN

■  The filing of the notice of tax lien is somewhat more involved. All creditors are precluded from creating, perfecting, or enforcing liens against property of the estate or property of the debtor. 11 U.S.C. § 362(a)(4) and (5). These provisions provide that a bankruptcy petition operates as a stay applicable to all entities of:

(4) any act to create, perfect, or enforce any lien against property of the estate;

(5) any act to create, perfect, or enforce against property of the debtor any lien to the extent that such lien secures a claim that arose before the commencement of the case under this title;

The automatic stay is a temporary stay which may mature into a discharge injunction under § 524(a). The automatic stay terminates at different times as to different property. Section 362(c) states:

(c) Except as provided in subsections (d), (e), and (f) of this section—

(1) the stay of an act against property of the estate under subsection (a) of this section continues until such property is no longer property of the estate; and

(2) the stay of any other act under subsection (a) of this section continues until the earliest of—

(A) the time the case is closed;

(B) the time the case is dismissed; or

(C) if the case is a case under chapter 7 of the title concerning an individual or a case under chapter 9, 11, 12, or 13 of this title, the time a discharge is granted or denied.

■  The complaint in this case does not identify the property purportedly subject to the IRS's lien. The court cannot determine whether the property was property of the estate at the critical time, or when it ceased to be property of the estate. Property of the estate consists of all property of the debtor as of the date of the filing of the petition. 11 U.S.C. § 541. It remains property of the estate until it has been exempted by the debtor under § 522, abandoned by the trustee under § 554(a), or sold by the trustee under § 363. If property of the estate is not claimed exempt, sold, or abandoned by the trustee, it is abandoned to the debtor at the time the case is closed if the property was scheduled under § 521(1). If the property is not scheduled by the debtor and is not otherwise administered, it remains property of the estate even after the case has been closed.

If the property in question is property of the estate, it remains subject to the automatic stay until it becomes property of the debtor and until the earlier of the time the case was closed, the case is dismissed, or a discharge is granted or denied in a chapter 7 case.

■  The automatic stay terminated as to property of the debtor in the first bankruptcy case on April 8, 2000, when the chapter 7 discharge was granted to the

debtor.[1] Of the three conditions set out in § 362(c)(2), the earliest is April 8, 2000, when the debtor received his chapter 7 discharge. Consequently, as to property of the debtor, but not as to property of the estate, the automatic stay terminated on April 8, 2000. The filing of a tax lien on April 2, 2001, did not violate the automatic stay as to property of the debtor because the automatic stay had terminated as of that date. The injunction stay of § 524(a) did not preclude the filing of notice of tax lien as to property of the debtor or collection activity because such debt was not discharged by the chapter 7 order of discharge entered on April 8, 2000.

■ As to property of the estate, however, the automatic stay did not terminate in the first case until July 30, 2002, when the case was closed. A new automatic stay arose on July 5, 2002. As to property of the estate in the second case, the automatic stay continues in effect. It also continues in effect as to property of the debtor because the case has not been closed, dismissed, or a discharge either granted or denied. While the debtor is not entitled to a discharge in this case, no order has yet been entered denying the second discharge.

The court concludes that as to property of the debtor in the first case, the notice of tax lien did not violate § 362(a) because it terminated on April 8, 2000, upon the granting of the debtor's discharge in bankruptcy. It was reimposed as to property of the debtor on July 5, 2002, upon filing of the second case. As to property of the estate in the first case, the automatic stay was superceded by the automatic stay in the second case. Consequently, as long as property of the estate in the first case remained property of the estate through July 5, 2002, the automatic stay either imposed by the filing of a first petition or imposed by the filing of the second petition has precluded the IRS from filing a tax lien.

Because the property in question has not been identified, the court is unable to determine from the present record whether it has remained property of one of the bankruptcy estates during all applicable times or whether it became property of the debtor, and, if so, at what time.

For the foregoing reasons, the IRS's motion for partial summary judgment will be granted as to assessment but denied as to the tax lien.

### ORDER

For the reasons set forth in the accompanying memorandum opinion, it is

ORDERED:

1. The IRS's motion for partial summary judgment is granted as to the trust-fund recovery penalty. It is adjudged that the assessment of the trust-fund recovery penalty against Stephen L. Pullman on September 18, 2000, did not violate the automatic stay imposed by § 362 of the United States Bankruptcy Code.

2. The motion of the IRS for partial summary judgment is denied as to notice of federal tax lien filed on April 2, 2001.

---

1. The debtor notes that he was granted a discharge on April 17, 2001 (Docket Entry 362). This was an error on the part of the clerk's office and was of no effect (Docket Entry 343). The operative date for purposes of § 362(c) is the date of entry of the first discharge order on April 8, 2000. The debtor's rights matured on that date. On that date, as to the debtor, the discharge injunction under § 524 replaced the automatic stay.