GREENBERG, Circuit Judge.
This matter comes on before this Court on an appeal from an order of the District Court entered February 28, 2007, 2007 WL 654247, vacating an order of the Bankruptcy Court entered November 14, 2006, which, in turn, had vacated an automatic stay in this bankruptcy case. When we reviewed this matter even though the parties did not mention the possibility, we were concerned with whether we should entertain the appeal because it appeared to us that the appeal might be moot and, if so, we would be deprived of jurisdiction. The failure of the parties to raise the mootness issue but instead to brief the case on the merits did not relieve us of our obligation to consider our jurisdiction on our own initiative. See Rendell v. Rumsfeld, 484 F.3d 236, 240 (3d Cir.2007). Therefore, we caused our clerk to send a letter to the parties directing them to comment on our concerns in letter memoranda and they have responded and have done so. After considering them memoranda and our own research we have concluded that the appeal is moot and accordingly we will dismiss it. The background of the case is not complex. The appellee Dawna Rochelle Biggs has been a tenant in residential housing owned and operated by appellant, the Housing Authority of the City of Pittsburgh. During her tenancy Biggs became delinquent in her rent leading the Authority to initiate eviction proceedings against her in a state court which were successful and culminated in it obtaining an eviction order.
Subsequently, without vacating the premises or paying the back rent and bringing her rent current, Biggs filed a Chapter 13 bankruptcy proceeding. As a result the automatic stay that arises when a petitioner files a bankruptcy petition precluded the Authority from pursuing the state eviction case. See 11 U.S.C. § 362(a). Thereafter the Authority moved in the Bankruptcy Court on September 21, 2006, for relief from the automatic stay. While that motion was pending Biggs converted her bankruptcy proceedings to bring them under Chapter 7 of the Bankruptcy Code. Consequently, rather than seeking to pay her rent through a court-confirmed plan she sought the discharge of her liability for the back rent.
*288 On November 14, 2006, the Bankruptcy Court granted the Authority’s motion and granted it relief from the automatic stay. Biggs appealed to the District Court which on February 28, 2007, vacated the Bankruptcy Court order granting relief from the stay. The District Court explained in its opinion that its order “will have the effect of reinstating the automatic stay and preventing [the Authority] from pursuing state court eviction proceedings based on [Biggs] having been insolvent or a debtor under the Bankruptcy Code or that her accrued debt was dischargeable or actually discharged in her Chapter 7 bankruptcy proceedings.” On May 8, 2007, Biggs’s debts, including the back rent, were discharged in the Chapter 7 proceeding. So far as we are aware Biggs is still a tenant in the Authority’s premises in the same apartment for which her rent became delinquent and the parties in them letter memoranda do not suggest otherwise.
The parties in their memoranda have taken opposite positions with respect to whether the case is moot. The Authority contends that the case is moot because the automatic stay was terminated pursuant to 11 U.S.C. § 862(c)(2)(C) when Biggs was discharged and thus inasmuch as it only seeks reinstatement of the order vacating the stay we cannot grant it relief. Section 362(c)(2)(C) provides that the automatic stay continues, inter alia, in Chapter 7 cases, except in situations staying “an act against property of the estate,” as set forth in section 362(c)(1), until “the time a discharge is granted or denied.” Biggs, however, points out that 11 U.S.C. § 326(c)(1) provides that the automatic stay of acts against the property of the estate continues until the affected “property is no longer property of the estate,” 11 U.S.C. § 362(c)(1), and she contends, citing In re Pullman, 319 B.R. 443, 445 (Bankr. E.D.Va.2004), that her lease still is property of the estate because it has not been “sold, abandoned, exempted, or a reorganization plan is confirmed.” Appellee’s letter memorandum at 3. She argues that property of the estate loses that status if it is exempted by the debtor under 11 U.S.C. § 522, abandoned by the trustee under 11 U.S.C. § 554, or sold by the trustee under 11 U.S.C. § 363, and that none of those events has happened here. But she acknowledges that the estate’s interest in the lease can be abandoned after notice and a hearing or, if properly scheduled and not otherwise administered, when the case is closed. She also says that the estate’s interest in property can be abandoned if it “is of inconsequential value to the estate.” Appellee’s letter memorandum at 3.
The Authority is correct and the case is moot. To start with the lease has been rejected pursuant to 11 U.S.C. § 365(d)(1) and thus for this reason alone it has been “abandoned and [is] no longer property of the estate.” In re Stoltz, 315 F.3d 80, 85 n. 1 (2d Cir.2002). Moreover, we are of the view that aside from the effect of the rejection of the lease under 11 U.S.C. § 365(d)(1), the trustee’s treatment of the lease constitutes an abandonment of it. In this regard we point out that the trustee has filed a report of no distribution indicating “that there are no assets to administer for the benefit of creditors of this estate” and the trustee “has received no funds or property of the estate.” Appellant’s reply memorandum at 8. Overall, we are quite clear that the automatic stay no longer is no longer in effect and the appeal therefore is moot inasmuch as the only relief the Authority seeks on this appeal is reinstatement of the Bankruptcy Court’s order granting relief from the automatic stay. See Rendell, 484 F.3d at 240 (case moot on appeal when court cannot grant “meaningful relief’ in it).
Biggs invokes the narrow exception to the requirement that a court dismiss an appeal that is otherwise moot when the appeal involves certain situations likely to *289 reoccur. In this regard Biggs cites In re Price, in which we explained that a case otherwise moot need not be dismissed if, among other circumstances that must be shown, “there is a reasonable expectation that the same complaining party will be subject to the same action again.” 370 F.3d 362, 365 (3d Cir.2004) (quoting Merle v. United States, 351 F.3d 92, 95 (3d Cir. 2003)). The rule recognized in Price, however, is not applicable here as it would be a complete speculation to anticipate that Biggs ever will be in bankruptcy again and that if she is she will still be a tenant in the Authority’s premises subject 'to an eviction action. In view of the aforesaid we will vacate the orders of the Bankruptcy Court of November 14, 2006, granting relief from the stay and the order of the District Court of February 28, 2007, vacating the Bankruptcy Court order and will remand the case to the District Court to vacate its order and to remand the case to the Bankruptcy Court to vacate its order and to dismiss the case. See United States v. Munsingwear, Inc., 340 U.S. 36, 39, 71 S.Ct. 104, 106, 95 L.Ed. 36 (1950); In re Burrell, 415 F.3d 994, 1000 (9th Cir.2005). Of course, we do not by this opinion intend to interfere with any other aspect of the bankruptcy proceedings and all the orders of the Bankruptcy Court except the order of November 14, 2006, granting relief from the stay shall remain in effect.
No costs shall be allowed on this appeal.