William Ross HORNSBY,
Plaintiff-Appellant,

v.

INTERNAL REVENUE SERVICE,
United States of America,
Defendant-Appellee.

No. 76–4385.

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 1979.

Rehearing Denied March 15, 1979.

William Ross Hornsby, Miami, Fla., for plaintiff-appellant.

Jacob V. Eskenazi, U. S. Atty., Miami, Fla., M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Acting Chief, Appellate Sect., Richard W. Perkins, Aaron P. Rosenfeld, William A. Friedlander, Attys., Dept. of Justice, Tax. Div., Washington, D. C., for defendant-appellee.

Before GEWIN, GEE and RUBIN, Circuit Judges.

PER CURIAM:

A taxpayer, William R. Hornsby, representing himself, appeals from the determination of the trial court that he is not entitled to any refund of the taxes paid to the Internal Revenue Service and disputed in this lawsuit. Mr. Hornsby was the president of a corporation, Services International Corporation, that paid wages to its employees during the year, 1965, withheld taxes from the wages paid, and failed to pay those amounts to the Treasury as required by law. In 1967, the IRS made an assessment against Mr. Hornsby personally under Section 6672 of the Internal Revenue Code of 1954, on the basis that he was a financially responsible person, as defined in Section 6671(b), and, as such, he was liable for willfully failing to ensure that the company paid them to the government. The trial court found that this assessment was correct. After carefully reviewing the evidence and the applicable law, we agree with the trial court's disposition of the case.

Mr. Hornsby does not challenge the lower court's finding that, during the time in question, he was a responsible person. There is ample evidence to support that finding. See Mueller v. Nixon, 6 Cir. 1972, 470 F.2d 1348, cert. denied, 1973, 412 U.S. 949, 93 S.Ct. 3011, 37 L.Ed.2d 1001; Liddon v. United States, 5 Cir. 1971, 448 F.2d 509, cert. denied, 1972, 406 U.S. 918, 92 S.Ct. 1769, 32 L.Ed.2d 117.

■ His primary challenge is to the court's conclusion that his failure to collect, account for, and pay the tax due was "willful," because he was busy at other corporate affairs and he delegated to his subordinates all accounting responsibilities including the duty to prepare payrolls, withhold taxes, and make payments to the IRS. Under the statute, a person has willfully breached his duty if he voluntarily, consciously, and intentionally fails to collect, account for, and pay over the taxes due. E. g., Newsome v. United States, 5 Cir. 1970, 431 F.2d 742. Willfulness is shown if the responsible person knows or is aware that the money owing to the government for unpaid withholding taxes is used for other corporate purposes. Id.

■ The principles governing the decision are well settled. If an assessment is made against a corporate officer as a responsible person, the burden of proof is on the taxpayer to show that he did not willfully fail to ensure that the taxes were paid. Anderson v. United States, 8 Cir. 1977, 561 F.2d 162; Liddon v. United States, supra; Psaty v. United States, 3 Cir. 1971, 442 F.2d 1154. The taxpayer has the burden of proof because the Commissioner's determination of a tax deficiency is presumed to be correct. See also Potito v. Commissioner, 5 Cir. 1976, 534 F.2d 49, cert. denied, 1977, 429 U.S. 1039, 97 S.Ct. 736, 50 L.Ed.2d 751.

■ We have previously held that the taxpayer cannot satisfy the burden of proof merely by showing that he delegated his responsibility to someone else. Newsome v. United States, supra. See also Lawrence v. United States, N.D.Tex.1969, 299 F.Supp. 187. Responsible persons owe a fiduciary obligation to care properly for the funds that are temporarily entrusted to them for the ultimate use of the United States. See e. g., Slodov v. United States, 1978, 436 U.S. 238, 98 S.Ct. 1778, 56 L.Ed.2d 251; Moore v. United States, 5 Cir. 1972, 465 F.2d 514, cert. denied, 1973, 409 U.S. 1108, 93 S.Ct. 907, 34 L.Ed.2d 688. A fiduciary cannot absolve himself merely by disregarding his duty and leaving it to someone else to discharge.

■ There was evidence that Mr. Hornsby was the only person authorized to sign corporate checks during all of the second and third quarters of 1965 and most of the first and fourth quarters. He was aware of the requirement that his company make withholding deposits, and he should, therefore, have been alerted to his company's failure to make withholding payments. *See, e. g., Bolding v. United States,* Ct.Cl. 1977, 565 F.2d 663, 672.

Based on this evidence the district court concluded that Mr. Hornsby had failed to prove that he did not willfully breach his duty to the United States. In this case, we believe that the trial judge's finding was correct. Moreover, as an appellate court, even if we would ourselves have reached a different result, we may not revise this decision; we can alter such a conclusion only if the trial judge's finding is "clearly erroneous." F.R.C.P. 52(a).

■ Mr. Hornsby also argues that it is unfair to assess him under Section 6672 because the IRS failed to attempt to recover the unpaid taxes either from the corporation or from other financially responsible corporate officials. However, the liability imposed on responsible persons by Section 6672 is distinct from the corporation's duty to pay the taxes withheld from its employees. *E. g., Emshwiller v. United States,* 8 Cir. 1977, 565 F.2d 1042; *Moore v. United States, supra; Datlof v. United States,* 3 Cir. 1966, 370 F.2d 655, *cert. denied,* 1967, 387 U.S. 906, 87 S.Ct. 1688, 18 L.Ed.2d 624. The fact that there are other financially responsible persons does not relieve Mr. Hornsby of his personal liability under Section 6672. *See Moore v. United States, supra; Braden v. United States,* 6 Cir. 1971, 442 F.2d 342, *cert. denied,* 404 U.S. 912, 92 S.Ct. 229, 30 L.Ed.2d 185; *Monday v. United States,* 7 Cir. 1970, 421 F.2d 1210, *cert. denied,* 400 U.S. 821, 91 S.Ct. 38, 27 L.Ed.2d 48. We do not believe that the Commissioner has abused his discretion here in failing to attempt to collect the tax from the corporation or other responsible persons instead of Mr. Hornsby. *Compare McCarty v. United States,* 1971, 437 F.2d 961, 972, 194 Ct.Cl. 42.

In view of our determination that the trial court's findings and conclusions are not clearly erroneous, we need not consider whether partial summary judgment was properly granted with respect to the money paid prior to July 2, 1972. *See* IRC § 6511(a) and (b).

For these reasons the decision of the trial court is AFFIRMED.