**UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

---

**No. 02-50132**

---

**IN THE MATTER OF: PRESCRIPTION HOME HEALTH CARE, INC.,**

**Debtor.**

---

**UNITED STATES OF AMERICA, Internal Revenue Service,**

**Appellant,**

**versus**

**PRESCRIPTION HOME HEALTH CARE, INC.,**

**Appellee.**

---

**Appeal from the United States District Court**
**for the Western District of Texas**

---

December 30, 2002

Before DAVIS, BARKSDALE, and DENNIS, Circuit Judges.

RHESA HAWKINS BARKSDALE, Circuit Judge:

The Internal Revenue Service contests the district court's affirming a bankruptcy court's confirmation of a debtor's plan of reorganization. The principal issue is whether the bankruptcy court had jurisdiction to enjoin the IRS from, under 26 U.S.C. § 6672, assessing and collecting taxes from a *non-debtor* officer of the debtor corporation. **INJUNCTION VACATED; REMANDED.**

Debtor Prescription Home Health Care, Inc., based in San Antonio, Texas, is a provider of home health services. Edward Z. Pena is Prescription's president and sole owner.

In August 2000, Prescription filed a petition under Chapter 11 of the Bankruptcy Code. The IRS was, by far, Prescription's chief creditor; Prescription owed approximately $600,000 in unpaid taxes, interest, and penalties. In fact, the IRS' impending collection efforts motivated the filing by Prescription.

The IRS' claim included: (1) a *priority claim* of approximately $470,000, consisting of (a) unemployment and payroll taxes that Prescription, as an employer, was required to pay, and (b) *approximately $250,000 in "trust fund" taxes* (income and payroll taxes that Prescription had withheld from its employees' wages during all of 1999 and three quarters of 2000, but had failed to remit to the IRS); and (2) a *general unsecured claim* of approximately $140,000 for penalties that had accrued on the taxes through the date of the bankruptcy petition.

Regarding the "trust fund" portion, Internal Revenue Code §§ 3102 and 3402 (26 U.S.C. §§ 3102 and 3402) require employers to withhold federal income and payroll taxes from their employees' wages. These withheld taxes must be remitted to the IRS on a quarterly basis, 26 U.S.C. §§ 3102(b), 3403; and, while in the possession of the employer, they are considered a "special fund in

trust for the United States", 26 U.S.C § 7501.   As stated, Prescription failed to remit approximately $250,000.

In addition to Prescription's trust fund liability, Pena, as a "responsible person", was personally liable, pursuant to 26 U.S.C. § 6672.   It is undisputed that both Prescription and Pena were liable for the unpaid trust fund taxes.

Section 6672(a) states:

> Any person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to [do so], or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, *be liable to a penalty equal to the amount of the tax evaded, or not collected, or not accounted for and paid over*.

26 U.S.C. § 6672(a) (emphasis added).  This provision, designed to deter misuse of trust funds by corporate officers, *see, e.g., United States v. Sotelo*, 436 U.S. 268, 277 n.10 (1978), is a means of ensuring the tax is paid, *e.g., Newsome v. United States*, 431 F.2d 742, 745 (5th Cir.), *cert. denied,* 411 U.S. 986 (1973).  Such "responsible persons" liability is separate and distinct from that imposed on the employer, and the IRS is *not* required to exhaust its remedies against the delinquent employer before seeking to protect the revenue through a § 6672 assessment.  *E.g., Hornsby v. Internal Revenue Service*, 588 F.2d 952, 954 (5th Cir. 1979).

Prescription filed a plan of reorganization in January 2001 and an amended plan that April.  The latter provided:  Pena would

3

retain his interest in the debtor upon receipt by Prescription of funds equal to the professional fees incurred by Prescription as of the confirmation date; the priority portion of the IRS' claim would be paid in full in equal quarterly installments over a six-year period; and the general unsecured claim would be paid by *pro rata* distributions from an "unsecured claims fund" over a ten-year period, so that the IRS would receive payments equal to approximately 47 percent of the general unsecured portion of the claim.

The plan further provided:  all payments made toward the priority claim would be applied to the trust fund portion until that liability had been paid in full; and, upon plan-confirmation, all creditors would be enjoined from any act to collect from the debtor's "management and employees" any portion of a claim against the debtor, as long as it complied with the plan.

It is the IRS' policy not to assess the § 6672 penalty against a responsible person as long as the debtor is compliant with the terms of its "bankruptcy payment plan", unless statute of limitations concerns are present.  1 Administration, Internal Revenue Manual (CCH) § 1.2.1.1.5.14(6), at 3003.  The limitations period for assessing the § 6672 liability against Pena will expire in April 2003 (three years after Prescription filed its employment tax returns).  *See* **Lauckner v. United States**, 68 F.3d 69 (3d Cir. 1995).  Therefore, if Prescription were to comply with its plan

4

until then, the period for assessing the penalty against Pena would expire while the injunction remained in effect. In other words, if the debtor made its payments until the end of the limitations period, but defaulted thereafter, and the trust fund taxes had not been paid in full, the IRS could be barred from making an assessment against Pena. (The Government concedes that there is a strong argument that the period should be tolled and that this court could do so.)

The IRS objected, on a number of grounds, to confirmation of Prescription's proposed plan. It contended, *inter alia*: (1) a bankruptcy court could order plan payments to be first applied to the trust fund portion of a tax liability *only* upon a showing that such an allocation was necessary for an effective reorganization, and Prescription had *not* made that showing; (2) the bankruptcy court lacked jurisdiction to enjoin an assessment against a non-debtor third party; and (3) the proposed injunction for the § 6672 assessment violated the Anti-Injunction Act, 26 U.S.C. § 7421(a).

At the confirmation hearing, Pena was asked why, for an effective reorganization, it was necessary to designate all plan payments to the trust fund portion and to enjoin all collection against him. He responded: to make reorganization successful, he would have to devote his time to the debtor's operations; and "it's very difficult to do that when ... I realize I can be assessed [$250,000]". When asked whether the lack of these provisions would

interfere with his performance on behalf of the debtor, he answered:

> It's a dark cloud hanging over me and I just had – it's very distracting to realize that being a single parent of two, an 11- and 13-year-old, both girls, it's a lot of responsibility on my shoulders to make sure that I am successful in paying back the I.R.S. and without, you know, being able to get into the housing market.

On cross-examination, Pena confirmed that the reason Prescription wanted plan payments first applied to the trust fund liability was because of the "dark cloud" that would be "hanging over [Pena's] head".

At the conclusion of the hearing, the IRS' objections were overruled. The bankruptcy judge noted his approval of payments being first applied to the trust fund liability: "[T]hat's an incentive on the part of the debtor to make sure that the debtor, in fact, performs for as long as possible", because "to the extent the debtor does perform, then there's a positive benefit, not only for the debtor, but also for Mr. Pena". The bankruptcy judge determined that, to both prevent the plan's undoing and ensure the IRS would be paid, it was appropriate to enjoin the § 6672 assessment. He reasoned the plan would prevent Pena from being "thrown out of this business", because if he "has the I.R.S. chasing him around for the rest of his life, he certainly won't be starting another one of these businesses" and "would never generate the kind of revenue ... necessary to pay [the IRS]".

6

In June 2001, the bankruptcy court confirmed Prescription's amended plan, with Pena being permitted to retain his interest in Prescription for a payment of $15,000. Through what the bankruptcy court termed a "conditional injunction", "necessary for the successful reorganization of Prescription", the IRS was enjoined from taking any action under § 6672 to assess or collect any federal employment tax liability from Pena as a responsible party, so long as Prescription remained current on its payments (§ 6672 injunction).

The IRS appealed to district court. In December 2001, that court affirmed the bankruptcy court's order, holding, *inter alia*: (1) the debtor offered sufficient evidence (through Pena's testimony) to show the designation of plan payments to trust fund liability was necessary for a successful reorganization; and (2) the Anti-Injunction Act does not prevent the bankruptcy court from temporarily modifying the IRS' ability to collect from a responsible person, if that is necessary to the successful reorganization of the debtor, because the bankruptcy court, using its broad discretionary powers under 11 U.S.C. § 105, had jurisdiction to enter the temporary injunction as a proceeding *related to* the bankruptcy proceeding.

The district court based its holding in part on **United States v. Energy Resources Co., Inc.**, 495 U.S. 545 (1990), stating:

> *Although not directly on point*, the Supreme Court's decision in **Energy Resources** *suggests*

7

> that the bankruptcy court has broad powers to temporarily modify the IRS's ability to collect from a responsible person if the modification is necessary to the successful reorganization of the debtor.  An effort by the IRS to collect $600,000 from Pena would most likely jeopardize the success of the reorganization plan.  The injunction, however, does not permanently enjoin the IRS from collecting the taxes.  The injunction operates only as long as the debtor makes timely payments, and as such, does not violate the Anti-Injunction Act....

***United States v. Prescription Home Health Care, Inc.***, No. SA-01-CA-811-EP, Slip op. at 5 (W.D. Tex. Dec. 13, 2001) (emphasis added).

## II.

The IRS maintains:  the bankruptcy court lacked jurisdiction over Pena's § 6672 liability; and, in the alternative, the Anti-Injunction Act prohibits the § 6672 injunction.  (Because we hold jurisdiction was lacking, we do not reach the Anti-Injunction Act issue.)  Whether the bankruptcy court can so enjoin the IRS is a question of law, reviewed *de novo*.  ***In re Bass***, 171 F.3d 1016, 1021 (5th Cir. 1999) ("The holding of a bankruptcy court (or a district court hearing an appeal from the bankruptcy court) that it has jurisdiction is a legal determination which we review *de novo*.").

Concerning the IRS' contention that the bankruptcy court lacks jurisdiction over a non-debtor's tax liability, Prescription responds that the court had jurisdiction over Pena's § 6672 liability because it is a proceeding "related to" Prescription's

8

reorganization.  As discussed below, such "related to" language is found in 28 U.S.C. § 1334(b).

Under 28 U.S.C. § 157 (b)(2)(L), jurisdiction is granted bankruptcy courts to confirm Chapter 11 reorganization plans; it is undisputed that the bankruptcy court had jurisdiction over Prescription's reorganization.  On the other hand, bankruptcy courts are not courts of general jurisdiction and do not have jurisdiction over an action between non-debtors (such as the § 6672 action between the IRS and Pena), unless that action is "related to" the bankruptcy.  The above-referenced § 1334(b) provides:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in *or related to* cases under title 11.

(Emphasis added.)

"Related to" jurisdiction has been defined quite broadly.  The usual test is whether the outcome of a proceeding could conceivably have *any* effect on the estate being administered in bankruptcy. ***Celotex Corp. v. Edwards***, 514 U.S. 300, 308 (1993).  It is well-established that, to be "related to" a bankruptcy, it is not necessary for the proceeding to be against the debtor or the debtor's property.  *Id.*  Nevertheless, "a bankruptcy court's 'related to' jurisdiction cannot be limitless".  *Id.*

9

Notwithstanding the broad nature of the "related to" jurisdiction, Congress, cognizant of the Government's need to assess and collect taxes with minimal interference, has limited the jurisdiction of the courts to review tax matters. *See, e.g.*, ***Bob Jones University v. Simon***, 416 U.S. 725, 736-37 (1974) (discussing Anti-Injunction Act); ***Enochs v. Williams Packing & Navigation Co.***, 370 U.S. 1, 7 (1962) (same). Generally, judicial review in tax cases is limited to review of deficiencies in the Tax Court and refund suits in the district courts and Claims Court. *See **United States v. Joe Graham Post No. 119, American Legion,*** 340 F.2d 474, 476-77 (5th Cir. 1965). *See also **Bob Jones University***, 416 U.S. at 736-37; ***Enochs***, 370 U.S. at 7. While Congress has granted somewhat broader jurisdiction to courts in the bankruptcy context, it has done so to allow bankruptcy courts to deal with the tax liabilities of *the debtor* and *the estate*.

For instance, § 505(a)(1) of the Bankruptcy Code (11 U.S.C. § 505(a)(1)) provides: "[T]he court may determine the amount or legality of any tax, fine, or penalty relating to a tax ... whether or not previously assessed, whether or not paid, and whether or not contested before and adjudicated by a judicial or administrative tribunal...." While this provision speaks of "any tax", it grants jurisdiction to determine the tax liabilities of the debtor and the estate, not those of third parties (as Prescription concedes). *See, e.g., **In re Brandt-Airlex Corp.***, 843 F.2d 90 (2d. Cir. 1988).

10

Accordingly, § 505(b) states that a trustee "may request a determination of any unpaid liability *of the estate* for any tax incurred during the administration of the case"; § 505(c) states: "Notwithstanding [the automatic stay provision], after determination by a court of a tax under this section, the governmental unit charged with responsibility for collection of such tax may assess such tax *against the estate, the debtor, or a successor to the debtor*, as the case may be, subject to any otherwise applicable law". (Emphasis added.)

Prescription seems to contend (and the bankruptcy and district courts apparently accepted) that the bankruptcy court had "related to" jurisdiction over Pena's § 6672 tax liability because, as the district court stated, assessment against Pena would "most likely jeopardize the success of the reorganization plan". We disagree.

First, it is well established that a more specific statute controls over a more general one. *E.g., **Bulova Watch Co. v. United States***, 365 U.S. 753, 758 (1961). Thus, the general "related to" jurisdiction of § 1334(b) does not circumvent the specific grant of jurisdiction to the bankruptcy court to determine tax liabilities. Under Prescription's reading of "related to" jurisdiction, all tax matters could be adjudicated by the bankruptcy court if they could conceivably affect the debtor's estate. Such a reading would render superfluous § 505's grant of jurisdiction to determine the tax liabilities of *the debtor* or *the estate*.

11

Moreover, even if the § 6672 assessment would jeopardize the success of the plan, this cannot be sufficient to confer "related to" jurisdiction. As the IRS points out, the theory that a bankruptcy court has jurisdiction to enjoin *any* activity that threatens the debtor's reorganization prospects would permit the bankruptcy court to intervene in a wide variety of third-party disputes. For example, the bankruptcy court would have jurisdiction over *any* action (however personal) against key corporate employees, if they were willing to state that their morale, concentration, or personal credit would be adversely affected by that action.

Sister circuits that have addressed directly whether bankruptcy courts have jurisdiction over the tax liabilities of non-debtors have held they do not. The Eleventh Circuit, in *United States v. Huckabee Auto Co.,* 783 F.2d 1546 (11th Cir. 1986), rejected an injunction designed to prevent a § 6672 assessment against the debtor's corporate officers. There, as here, the bankruptcy court based its injunction on a finding that payment of the penalty would adversely affect the reorganization; that finding was based on testimony by the responsible persons.

The district court reversed the bankruptcy court. In affirming, the Eleventh Circuit held that bankruptcy courts have no jurisdiction over tax liabilities of non-debtors, even if they have some role in the debtor corporation or if the § 6672 assessment

12

might have some adverse affect on the reorganization. *Id.* at 1549 ("[t]he jurisdiction of the bankruptcy courts ... does not ... extend to the separate liabilities of taxpayers who are not debtors ... [i]t is therefore irrelevant that the penalty, if assessed, will adversely affect the corporate debtor's reorganization").

Likewise, Prescription's "related to" position was squarely rejected by the Third Circuit in *Quattrone Accountants, Inc. v. IRS*, 895 F.2d 921 (3d. Cir. 1990), which held that the broad definition of § 1334 "related to" jurisdiction cannot be used in relation to a Chapter 11 reorganization to extend the bankruptcy court's jurisdiction over a non-debtor's § 6672 liability. The Third Circuit noted that the "responsible person" liability of the corporation's part owner and principal officer was "entirely separate and distinct from the debtor's liability to the IRS" and concluded that the officer's § 6672 liability was not "related to" the corporation's bankruptcy within the meaning of § 1334(b). *Id.* at 926-27. Although it recognized that if the non-debtor were assessed and paid the § 6672 liability, the amount the debtor owed the IRS would decrease, it reasoned that this did not constitute a "conceivable effect" on the estate, given the contingent nature of the payment and the joint and several nature of the debt. *Id.*

Finally, in a non-§ 6672 context, the Second Circuit, in *In re Brandt-Airflex Corp.,* held that § 505(a) "does not confer bankruptcy court jurisdiction over non-debtors". 843 F.2d at 96

13

("§ 505(a) was certainly not intended to allow bankruptcy courts to determine the validity of literally *any* tax, no matter who owes it") (emphasis in original).  That case addressed the liability of a payroll financier for a debtor's withholding taxes under 26 U.S.C. § 3505; the bankruptcy court "did not have the jurisdiction to determine the § 3505 liability of" the financier, because he was "a non-debtor".  *Id.*

In the light of these adverse holdings, Prescription asserts that **Energy Resources**, which post-dates **Huckabee Auto**, **Quattrone**, and **Brandt-Airflex**, controls.  As explained *supra*, the district court relied upon **Energy Resources**, "although [noting it is] not directly on point".

**Energy Resources** recognized the broad equitable powers accorded bankruptcy courts under 11 U.S.C. §§ 105(a) and 1123(b)(6) (then (b)(5)).  Section 105(a) provides: "The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title".  Section 1123(b)(6) grants bankruptcy courts authority to approve reorganization plans including "any ... appropriate provision not inconsistent with the applicable provisions of this title".  *See also* 11 U.S.C. § 1129.

**Energy Resources** stated:  "These statutory directives are consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships".  495 U.S. at 549.  It held that the

14

bankruptcy court's equitable powers included sufficient authority to approve a Chapter 11 reorganization plan that required plan payments by the debtor to the IRS to be first allocated to the trust fund portion of the IRS' claim, where necessary to ensure the success of the plan. *Id*. As noted, the district court, in determining that the bankruptcy court had "related to" jurisdiction to enter the injunction, based its holding primarily on the broad equitable powers of 11 U.S.C. § 105, as interpreted in *Energy Resources*.

*Energy Resources*, however, addressed only the *allocation of payments* in a reorganization plan, specifically whether they could be first allocated to trust fund liability (an issue the IRS raised before the bankruptcy and district courts but has elected *not* to appeal). *Energy Resources* did not discuss a bankruptcy court's *jurisdiction over non-debtor tax liabilities*. Nothing in *Energy Resources* suggests that bankruptcy courts have jurisdiction to determine the tax liabilities of non-debtors.

As in *Huckabee Auto*, *Quattrone*, and *Brandt-Airflex*, Pena is *not* a debtor in the bankruptcy proceeding. (In fact, he has not intervened or even sought to intervene in this proceeding.) The bankruptcy court lacked jurisdiction over his § 6672 tax liability.

In the alternative, Prescription urges that, even if the bankruptcy court did not have jurisdiction to determine Pena's tax liability, the § 6672 injunction is nonetheless valid because it

15

*does not determine such liability*. The thrust of this assertion seems to be that, because the injunction is temporary and conditional (with the IRS retaining the right to employ § 6672 against Pena should Prescription fail to make its payments), the injunction may postpone, *but does not determine*, Pena's tax liability.

We disagree. As the Eleventh Circuit noted in **Huckabee Auto**, § 6672 liability is tax liability, "assessed and collected in the same manner as taxes". 783 F.2d at 1549 (quoting 26 U.S.C. § 6671(a)). By enjoining the IRS from employing § 6672 against Pena, the bankruptcy court effectively determined that Pena could not be held liable for the § 6672 taxes. That Pena could again become subject to such liability at some point in the future, if Prescription defaults, does not alter the fact that, in essence, the bankruptcy court held Pena's *current* § 6672 liability to be zero. Moreover, the contention that the injunction is temporary and conditional (and thus will not necessarily determine Pena's tax liability) does not alter that the bankruptcy court, by entering the injunction, exceeded its jurisdiction by adjudicating Pena's tax liability *at all*.

III.

For the foregoing reasons, the § 6672 injunction is **VACATED** and this case is **REMANDED** to the district court for remand to the

16

bankruptcy court for such further proceedings, consistent with this opinion, as may be necessary.

*INJUNCTION VACATED; REMANDED*