**Saraleigh E. LOONEY, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civil Action No. H–06–1166.**

United States District Court,
S.D. Texas,
Houston Division.

Feb. 26, 2008.

---

Michael Gerard Schlafly, Attorney at Law, Houston, TX, for Plaintiff/Counter Defendant.

Jon E. Fisher, Dept. of Justice, Dallas, TX, for Defendant.

### MEMORANDUM AND ORDER

EWING WERLEIN, JR., District Judge.

Pending are Plaintiff Saraleigh E. Looney's Motion for Partial Summary Judg-

ment (Document No. 30), and Amendment thereto (Document No. 35),[1] and Defendant United States of America's Partial Motion to Dismiss (Document No. 48). After carefully considering the motions, responses, replies, and the applicable law, the Court concludes as follows.

### I. *Background*

This is a tax dispute. Plaintiff, a Certified Public Accountant ("CPA"), served as controller of NexTec Operating Corporation ("NexTec") from May, 2000 to October, 2003. Document No. 39, *Affidavit of Eric Frank* at 1 ¶ iii. NexTec failed to pay its employment withholding taxes for the last two quarters of 2002. According to NexTec's President, Eric Frank, Plaintiff was responsible for ensuring that those taxes were paid to the Internal Revenue Service ("IRS"). *See id.* at 2 ¶ 4.

In 2004, the IRS conducted an investigation of NexTec, determined that Plaintiff was responsible for NexTec's failure to pay the withholding taxes, and proposed to assess her for the outstanding amounts under 26 U.S.C. § 6672. The IRS also entered into an installment agreement with NexTec on August 30, 2004, under which NexTec was to remit monthly payments, in gradually increasing amounts, toward its outstanding withholding tax liability.

Plaintiff appealed the proposed assessment on July 8, 2004, which appeal was denied by letter in March, 2005. Plaintiff filed a Chapter 13 bankruptcy petition on

---

**1.** Plaintiff contends that because Defendant failed to respond in kind to each, numbered paragraph in her Motion for Partial Summary Judgment and Amendment thereto, the motions should be deemed unopposed. Document No. 36 at 1; Document No. 42 at 1. However, the rule requiring a party to admit or deny each specific allegation applies only to *pleadings. See* Fed.R.Civ.P. 8(b). Because motions for partial summary judgment are not "pleadings" to which Rule 8(b) applies, *see* Fed.R.Civ.P. 7(a) (identifying the pleadings recognized under the rules), Plaintiff's request that her motions be deemed unopposed is denied.

April 8, 2005. On May 16, 2005, the IRS assessed Plaintiff for the withholding tax liabilities of NexTec for the third and fourth quarters of 2002, in the amounts of $85,206.77 and $158,499.61, respectively. Document No. 30 at 2 ¶ 7. The IRS also retained Plaintiff's 2004 tax refund of $2,607. *Id.* Since that date, NexTec has paid in full the taxes owed for the third quarter of 2002, but $158,499.61 for the fourth quarter of 2002 remains outstanding. Document No. 39 at 3 ¶ 2.

Plaintiff filed a Claim for Refund and Request for Abatement, which the IRS denied. Plaintiff filed suit, alleging that the IRS wrongfully assessed her for the trust fund tax liabilities of NexTec and retained her 2004 tax refund, and further requesting costs, attorney fees, and damages of $1,000,000.00. Document No. 1 at 7. The Government, as authorized by the bankruptcy court, filed a counterclaim seeking payment of the assessment of $158,499.61, plus interest and statutory additions. Document No. 15 at 1–2; *id.* ex. 1.

Plaintiff now moves for partial summary judgment, contending that, as a matter of law, she cannot be held liable for the withholding tax deficiency of NexTec. Document No. 30 at 20–21. Defendant moves to dismiss Plaintiff's claim for damages on jurisdictional grounds, asserting that Plaintiff failed to exhaust her administrative remedies with respect to that claim. Document No. 48 at 1.

## II. *Discussion*

### A. *Motion for Partial Summary Judgment*

#### 1. *Standard of Review*

Rule 56(c) provides that summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party must "demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Morris v. Covan World Wide Moving, Inc.,* 144 F.3d 377, 380 (5th Cir. 1998). A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials in a pleading, and unsubstantiated assertions that a fact issue exists will not suffice. *Id.* "[T]he nonmoving party must set forth specific facts showing the existence of a 'genuine' issue concerning every essential component of its case." *Id.*

In considering a motion for summary judgment, the district court must view the evidence "through the prism of the substantive evidentiary burden." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2513, 91 L.Ed.2d 202 (1986). All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, then summary judgment is proper. *Kelley v. Price–Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir.1993) (citing *Matsushita,* 106 S.Ct. at 1351). On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper." *Id.* Even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "the bet-

ter course would be to proceed to a full trial." *Anderson,* 106 S.Ct. at 2513.

### 2. *Liability as a "responsible person" under 26 U.S.C. § 6672*

Plaintiff asserts for numerous reasons and as a matter of law that she cannot be held liable for the withholding tax deficiency of NexTec under 26 U.S.C. § 6672. Federal law requires employers to withhold social security and income taxes from employee paychecks and hold them in trust for the United States. *See* 26 U.S.C. §§ 3102, 3402; *see also USLIFE Title Ins. Co. of Dallas v. Harbison,* 784 F.2d 1238, 1242 (5th Cir.1986). Section 6672 of the Internal Revenue Code imposes liability on "any person" responsible for collecting, paying, or truthfully accounting for federal withholding taxes who willfully fails to do so or attempts to evade or defeat the payment of such taxes. *See* 26 U.S.C. § 6672; *Slodov v. United States,* 436 U.S. 238, 98 S.Ct. 1778, 1787, 56 L.Ed.2d 251 (1978) (construing § 6672 to extend to persons responsible for performing *any* of the enumerated duties); *Barnett v. I.R.S.,* 988 F.2d 1449, 1453 (5th Cir.1993) (en banc). This provision was "designed to assure compliance by the employer with its obligation to withhold and pay the sums withheld, by subjecting the employer's officials responsible for the employer's decisions regarding withholding and payment to civil ... penalties for the employer's delinquency." *Slodov,* 98 S.Ct. at 1785; *see also In re Prescription Home Health Care, Inc.,* 316 F.3d 542, 544 (5th Cir.2002) (noting the purpose of § 6672 of "deter[ring] misuse of trust funds by corporate officers" and providing a "means of ensuring the tax is paid").

#### a. Burden of proof

■■■■ The parties dispute whether the Government properly assessed Plaintiff with the withholding tax liabilities of NexTec. "It is well established in the tax law that an assessment is entitled to a legal presumption of correctness ...." *United States v. Fior D'Italia, Inc.,* 536 U.S. 238, 122 S.Ct. 2117, 2122, 153 L.Ed.2d 280 (2002). This presumption places the burden on the tax-payer of proving the assessment was erroneous. *See Conway v. United States,* 326 F.3d 1268, 1278 (Fed.Cir. 2003). Therefore, "[i]n § 6672(a) cases, once the Government offers an assessment into evidence, the burden of proof is on the taxpayer to disprove h[er] responsible-person status or willfulness." *Barnett,* 988 F.2d at 1453; *see also Stallard v. United States,* 12 F.3d 489, 493 (5th Cir.1994) (observing that an assessment under § 6672 is entitled to a presumption of validity).

■■■■ Although the disputed assessment is in evidence, *see* Document No. 15 ex. 2, Plaintiff insists that the Government bears the burden of proving her "responsible person" status and willfulness, because the assessment was made after she filed for bankruptcy and therefore violates the automatic stay. Document No. 30 at 17–19 ¶¶ 33–36; Document No. 42 at 4–5 ¶ 8. "Section 362(a) [of the Bankruptcy Code] recounts a long list of actions that are stayed by the filing of a bankruptcy petition," *In re TXNB Internal Case,* 483 F.3d 292, 301 (5th Cir.2007), but since the enactment of the Bankruptcy Reform Act of 1994, the Code has specifically exempted from the automatic stay "the making of an *assessment for any tax* ...." 11 U.S.C. § 362(b)(9)(D) (emphasis added).[2] Al-

---

**2.** Plaintiff, quoting an excerpt from the legislative history of 11 U.S.C. § 362(b)(9)(D), contends that because her liability under § 6672

is not "uncontested," the IRS's assessment against her does not fall within this exception to the automatic stay in bankruptcy. Docu-

though liability under § 6672 is labeled as a "penalty," that moniker "does not alter [its] essential character as taxes" within the meaning of the Bankruptcy Code. *United States v. Sotelo,* 436 U.S. 268, 98 S.Ct. 1795, 1800, 56 L.Ed.2d 275 (1978) (holding the debtor's liability under § 6672 for failure to pay over withholding taxes to be non-dischargeable in bankruptcy); *see also In re Mosbrucker,* 227 B.R. 434, 436–37 (8th Cir. BAP 1998) (applying *Sotelo* and holding an assessment under § 6672 was entitled to priority status as a "tax required to be collected or withheld" under Section 507(a)(8)(C) of the Bankruptcy Code, and not a penalty treated as an unsecured claim under Section 507(a)(7)(B)). Indeed, the Fifth Circuit and others have recognized that liability under § 6672 is not penal in nature, but is "'simply a means of ensuring that the tax is paid.'" *Newsome v. United States,* 431 F.2d 742, 745 (5th Cir.1970) (quoting *Botta v. Scanlon,* 314 F.2d 392, 393 (2d Cir. 1963)); *see also In re Energy Res. Co.,* 871 F.2d 223, 232 (1st Cir.1989); *United States v. Huckabee Auto Co.,* 783 F.2d 1546, 1548 (11th Cir.1986) (quoting *Newsome* ). Because liability under § 6672 is properly viewed as a tax, the challenged assessment qualifies as "an assessment for any tax" expressly exempted from the automatic stay in bankruptcy.[3] *See, e.g., United States v. White,* 466 F.3d 1241, 1244–45 &

nn. 1 & 2 (11th Cir.2006) (noting in dicta that the post–1994 version of the Code, had it been in effect at the relevant time, would have mooted the parties' dispute as to whether the IRS's § 6672 assessment violated the automatic stay); *In re Pullman,* 319 B.R. 443, 444–45 (Bankr.E.D.Va. 2004) (construing 11 U.S.C. § 362(b)(9)(D) as expressly exempting the assessment of a debtor for trust fund penalties). Because Plaintiff shows no valid reason that the assessment should not be accorded the applicable presumption of correctness, Plaintiff bears the burden of disproving her status as a responsible person who willfully failed to collect or pay NexTec's withholding taxes.

b. Status as a responsible person

██  Plaintiff contends "as a matter of law" she was not a responsible person, based on an isolated remark by NexTec's President, Eric Frank, to an IRS investigator that Plaintiff did not have authority to pay NexTec's withholding taxes, and the IRS's determination that Mr. Frank was "definitely responsible" for the deficiency. Document No. 42 at 5–6; *see also* Document No. 30 at 4–5 ¶¶ 14–15, 8–9 ¶ 21. The Fifth Circuit takes a "broad view of who is a responsible person under § 6672." *Logal v. United States,* 195 F.3d 229, 232 (5th Cir.1999); *see also Barnett,* 988 F.2d

ment No. 30 at 18–19 ¶ 35. That excerpt states,

    This section will lift the automatic stay as it applies to a tax audit, a demand for tax returns, assessment of an uncontested tax liability, *or the making of certain assessments of tax* and issuance of a notice and demand for payment for such assessment. P.L. 103–394, H.R. No. 103–835 (emphasis added). While this text explains the scope of § 362(b)(9)(D) as encompassing an "assessment of an uncontested tax liability," it also includes "the making of *certain assessments of tax,*" without regard to whether those assessments are contested by the taxpayer. The

central question is therefore not whether the assessment is disputed, but rather, whether the assessment is for a "tax" exempted from the automatic stay under § 362(b)(9)(D).

**3.** The contrary cases cited by Plaintiff are not persuasive because they predate the adoption of § 362(b)(9)(D). *Cf. Four Rivers Invs., Inc. v. United States,* 77 Fed. Cl. 592, 599–600 & n. 11 (2007) (similarly rejecting reliance on case law predating the adoption of 11 U.S.C. § 362(b)(9)(D), and holding a tax assessment made after the plaintiff filed a petition in bankruptcy did not violate the automatic stay).

at 1454. Determining whether an individual is a responsible person requires consideration of several, non-exclusive factors, none of which is dispositive: (1) whether she is an officer or member of the board of directors; (2) whether she owns a substantial portion of the company's stock; (3) whether she manages the day-to-day operations of the business; (4) whether she has the authority to hire or fire employees; (5) whether she makes decisions regarding the disbursement of funds and payment of creditors; and (6) whether she has authority to sign company checks. *See Logal,* 195 F.3d at 232 (quoting *Barnett,* 988 F.2d at 1455). The critical question is "whether the person had the 'effective power' to pay the taxes—that is, whether he [or she] had the actual authority or ability, in view of his [or her] status within the corporation, to pay the taxes owed." *Barnett,* 988 F.2d at 1454; *see also Stallard,* 12 F.3d at 494.

■ The summary judgment evidence raises genuine disputes of material fact regarding the extent of Plaintiff's responsibility and authority to ensure that NexTec's withholding taxes were paid. Additionally, "the fact that more than one person is responsible for a particular delinquency does not relieve another responsible person of her personal liability, nor can a responsible person avoid collection against herself on the ground that the Government should first collect the tax from someone else." *Harbison,* 784 F.2d at 1243. Therefore, the IRS's determination that NexTec's President is responsible for NexTec's failure to pay its withholding taxes for the last quarter of 2002 does not affect whether Plaintiff may also be liable under § 6672. *See Hornsby v. IRS,* 588 F.2d 952, 954 (5th Cir.1979) (per curiam) ("The fact that there are other financially responsible persons does not relieve [the plaintiff] of [his] personal liability under Section 6672."). Accordingly, Plaintiff has not established the absence of a genuine issue of material fact regarding her responsible person status under § 6672.

c. Willfulness

■ Plaintiff also asserts that, as a matter of law, she did not willfully fail to pay NexTec's withholding taxes to the IRS because: (1) the IRS assessed NexTec for delinquent employment taxes after she had left the company, when she was no longer able to remit payments out of NexTec's available funds; and (2) she "did not know that the taxes were not being paid ...." Document No. 35 at 1–2; Document No. 42 at 4. First, whether a taxpayer's conduct was willful is determined as of the time that she was responsible for collecting or paying the withholding taxes of her corporate employer. *See Stallard,* 12 F.3d at 495 (explaining that the willfulness inquiry is tied to the periods during which the taxpayer was a responsible person); *see also, e.g., Brown v. United States,* 591 F.2d 1136, 1140–41 (5th Cir.1979) (holding a taxpayer's failure to fulfill his responsibility of making withholding deposits to be willful, though he no longer possessed the authority to pay those taxes at the end of the quarter when they were due). A taxpayer acts willfully if she "recklessly disregards the risk that the taxes may not be remitted to the government." *Logal,* 195 F.3d at 232. Thus, to establish her *lack* of willfulness, Plaintiff must prove that she did not recklessly disregard the risk that the taxes would not be paid during the last quarter of 2002, when she allegedly bore the responsibility of ensuring their payment. The fact that Plaintiff no longer worked for NexTec in 2004 when the IRS discovered and assessed NexTec for the deficiency therefore has no bearing on her liability under § 6672.

Second, Plaintiff offers no evidence substantiating her conclusory assertion that she was unaware that NexTec owed withholding taxes for the last quarter of 2002. *See* Document No. 42 at 4 ¶ 7. Such an unsupported allegation does not constitute competent summary judgment evidence. *See Eason v. Thaler*, 73 F.3d 1322, 1325 (5th Cir.1996). Accordingly, Plaintiff has not established as a matter of law that her conduct was not willful within the meaning of § 6672.

### d. Abuse of discretion

■ Finally, Plaintiff asserts that the Government abused its discretion in assessing her for the withholding taxes of NexTec because it permitted NexTec gradually to repay the deficiency under an installment agreement instead of collecting the amount in full from the available funds of the corporation. Document No. 35 at 2–4 ¶ 38; Document No. 42 at 9. This argument is meritless. Under well established law, the liability of a responsible person under § 6672 is independent of the corporation's duty to pay trust fund taxes. *See Cash v. United States*, 961 F.2d 562, 565 (5th Cir.), *cert. denied*, 506 U.S. 985, 113 S.Ct. 492, 121 L.Ed.2d 430 (1992); *Hornsby*, 588 F.2d at 954; *see also Dallin ex rel. Estate of Young v. United States*, 62 Fed. Cl. 589, 599 (2004) (citing *Cash*). "[T]he IRS is *not* required to exhaust its reme-

dies against the delinquent employer before seeking to protect the revenue through a § 6672 assessment." *In re Prescription Home Health Care, Inc.*, 316 F.3d at 544–45 (emphasis in original) (citing *Hornsby*, 588 F.2d at 954). It therefore follows that the government's diligence, or lack thereof, in its collection efforts against the corporation is largely irrelevant. *See Howard v. United States*, 711 F.2d 729, 736 (5th Cir.1983) (rejecting the taxpayer's contention that the IRS's failure promptly to collect the taxes from the corporation absolved him of liability under § 6672); *see also Calderone v. United States*, 799 F.2d 254, 257 (6th Cir.1986) (explaining that § 6672 "does not include any requirement that the government exercise 'due diligence' in its collection efforts against the employer corporation," quoting *Cooper v. United States*, 539 F.Supp. 117, 121 (E.D.Va.1982)).[4]

Plaintiff attempts to distinguish several of these cases on the grounds that they involved "financially distressed corporations and not [ ] financially viable corporations like NexTec." Document No. 42 at 10–11 (citing *In re Prescription Home Health Care, Inc.*, 316 F.3d at 544, and *Howard*, 711 F.2d at 731). However, nowhere in these opinions was the liability of a responsible person made *contingent* on the inability of the Government to satisfy

---

**4.** Plaintiff, quoting *Cash*, contends that the IRS may abuse its discretion by failing to pursue available corporate assets before seeking recovery from responsible persons, if it is shown that " 'more vigorous efforts [by the IRS] would have yielded additional collections.' " Document No. 30 at 14–16 ¶¶ 29–31; *see also* Document No. 35 at 4 (quoting *Cash*, 961 F.2d at 569); Document No. 42 at 9 ¶ 12. However, that passage, as with the whole of the analysis in *Cash*, addressed (and ultimately declined to extend) the scope of the IRS's duties with respect to corporate accounts receivable that the IRS had *seized* to satisfy withholding tax liabilities. *See Cash*, 961

F.2d at 566–69. Whatever duty was recognized in *Cash* therefore extends only to instances where the IRS has exercised dominion and control over corporate assets, and not where it has declined to do so. Indeed, *Cash* itself recognized the general rule that "[t]he [Internal Revenue] Service need not attempt to collect first from the corporate employer or its assets before assessing penalties and pursuing collection from responsible persons under § 6672." 961 F.2d at 565. *Cash* therefore provides no support for Plaintiff's contention that the Government abused its discretion by failing to levy NexTec's assets.

the withholding tax liability out of available corporate assets. This fact is evident, given their reliance on *Hornsby*, where the Fifth Circuit categorically rejected the taxpayer's argument that the IRS's failure "to attempt to recover the unpaid taxes either from the corporation or from other financial responsible corporate officials" was "unfair," without referring anywhere in the opinion to the solvency of the corporation, or any collection efforts that were or were not undertaken against it. *See Hornsby*, 588 F.2d at 954; *see also In re Prescription Home Health Care, Inc.*, 316 F.3d at 544–45 (citing *Hornsby*, 588 F.2d at 954); *Howard*, 711 F.2d at 736 (same). In sum, the Government has no affirmative duty to pursue the assets of the corporation, whether or not such pursuit would be fruitful, before seeking recovery from a responsible person under § 6672.

Plaintiff also fails to identify or substantiate the existence of any unusual circumstances that might warrant an equitable exception to the general rule that allows the Government to pursue a responsible person instead of the corporate debtor. These circumstances may arise where the government actively thwarted the corporation's efforts to pay the deficiency, *see McCarty v. United States*, 194 Ct.Cl. 42, 437 F.2d 961, 972–73 (1971) (holding that the IRS, by allowing the Navy, which had taken over the corporation, to breach the

corporation's agreement to repay withholding taxes to the IRS in favor of funneling those funds to itself, committed "acts of commission" that precluded it from recovering the deficiency from a responsible person), or breached an agreement with the taxpayer that it would seize corporate assets and apply the proceeds toward the withholding tax liability, in spite of the taxpayer's active assistance and cooperation in those efforts, *see Tozier v. United States*, 1965 U.S. Dist. LEXIS 9801, **14–26, 1965 WL 12604, 65–2 U.S. Tax Cas. (CCH) P9621 (N.D.Wash.1965) (concluding under these circumstances that the responsible persons did not willfully fail to collect or pay the withholding tax).[5] To the contrary, Plaintiff's own evidence reflects that the Government has facilitated NexTec's efforts to pay its taxes by negotiating with NexTec an installment agreement, and accepting NexTec's payments when made. Furthermore, Plaintiff has neither asserted nor shown that the IRS promised her that it would maximize its recovery from NexTec before pursuing her as a responsible person, and the IRS investigative records suggest that Plaintiff, far from assisting the IRS, "refused to cooperate" with the investigation. *See* Document No. 30 ex. 8–1. Plaintiff has therefore failed to establish that the Government abused its discretion, or is other-

**5.** Plaintiff also cites *In re Nece,* in which the bankruptcy court concluded the IRS abused its discretion by failing to collect payment from sureties under performance bonds that covered the withholding and FICA taxes for construction jobs performed by the corporation, although both the corporation and the debtor (a responsible person liable for the unpaid taxes under § 6672) had on numerous occasions notified the IRS of the existence of those bonds. Case No. 89–01782–H4–11, 1991 Bankr.LEXIS 1186, at **2–5 (S.D.Tex. 1991). The IRS had initially requested that the sureties remit payment but failed to follow

through with its collection activities before the statute of limitations lapsed. *Id.* at *2–3.

Unlike the taxpayer in *Nece,* Plaintiff neither asserts nor demonstrates that she assisted the IRS in its efforts to recover the deficiency from particular corporate assets. Nor has the Government wholly failed to follow through with collection activities it had initially undertaken against assets designated by the corporate debtor for that purpose, as it had in *Nece.* The circumstances underlying the decision *Nece* are therefore distinguishable, and its holding does not apply to this case.

wise precluded from holding her liable as a responsible person.[6]

### e. Allocation of NexTec's payments to trust fund liabilities

■ Finally, Plaintiff asserts that the Government should be compelled to allocate all payments received from NexTec first to reduce the corporation's trust fund liabilities. Document No. 30 at 13–14 ¶ 28; Document No. 35 at 3 ¶ 38. "It is well established that in the absence of a direction by the taxpayer the IRS can apply a payment to *any* outstanding tax liability of the taxpayer." *Wood v. United States,* 808 F.2d 411, 416 (5th Cir.1987) (emphasis added); *see also Sotir v. United States,* 978 F.2d 29, 30 (1st Cir.1992); *Muntwyler v. United States,* 703 F.2d 1030 (7th Cir. 1983). "Obviously it is normally to the IRS's best interest to apply payments to that part of the corporate debt that is not secured by the trust obligation of its 'responsible' officers. The IRS policies designed to maximize the public fisc by collecting all taxes due are entitled to great weight." *New Terminal Stevedoring, Inc. v. M/V Belnor,* 728 F.Supp. 62, 65 (D.Mass.1989). Plaintiff presents no evidence substantiating whether NexTec has designated how its payments to the Government under the installment agreement are to be allocated, or, if so, what allocation NexTec has requested. Although Plaintiff asserts a right to equitable allocation of NexTec's payments to reduce its withholding tax deficiency, as was granted in *New Terminal,* Plaintiff has failed to show that she actively assisted the IRS in its collection efforts against NexTec so as to qualify for the equitable exception recognized in that case. *See New Terminal,* 728 F.Supp. at 65–66 (equitably allocating corporate funds obtained by the IRS through an involuntary payment to reduce the corporation's trust fund liabilities, and hence, the liability of the responsible person, because that person had "actively aided the maximization of the IRS's tax collection"). Therefore, Plaintiff has not demonstrated an entitlement to have NexTec's payments credited first to its withholding taxes and, concomitantly, to reduce her own potential liability as a responsible party under § 6672.

In sum, Plaintiff has not shown that she is entitled to judgment in her favor on any of the foregoing grounds, and, accordingly, her motion for partial summary judgment is denied.

### B. *Government's Partial Motion to Dismiss*

The Government moves to dismiss Plaintiff's claim for $1,000,000.00 in damages resulting from the Government's "wrongfully assessing her with the trust fund recovery penalty and improperly keeping [her] tax refund," Document No. 1 at 7 ¶ 37, on the grounds that: (1) a taxpayer has no cognizable damages action for wrongful assessment of taxes; and (2) assuming that the claim could be construed as asserting improper collection activities by the IRS under 26 U.S.C. § 7433, Plaintiff has not exhausted her administrative

---

**6.** Plaintiff also contends that the Government's failure to satisfy the full amount of the deficiency out of the assets of NexTec estops it from holding her liable as a responsible person. Document No. 30 at 11–12 ¶ 26. "In order to establish estoppel against the government in this circuit, a party must prove affirmative misconduct by the government as well as the four traditional elements of estoppel."

*In re Taylor,* 132 F.3d 256, 263 (5th Cir.1998). Because the Government was not required to seize NexTec's assets, *see In re Prescription Home Health Care, Inc.,* 316 F.3d at 544–45, its decision not to do so does not constitute an act of misconduct. Hence, Plaintiff has neither identified nor proven any act of misconduct that would estop the Government from holding her liable under § 6672.

remedies as required for such a claim. Document No. 48 at 1–2. Plaintiff, in her response, repeatedly asserts that "she is not seeking damages for a violation of [ ] § 7433" but is instead "seeking damages for a willful violation of § 362(h) of the Bankruptcy Code under Title 11 as permitted by Internal Revenue Code § 7433(e)(2)(B)," for which no administrative exhaustion is required. Document No. 51 at 2–3; *see also id.* at 4 ("The assessment of penalties by Defendant in willful violation of the bankruptcy stay formed the basis of Plaintiff's claim for damages under 11 U.S.C. § 362(h) and is not under 26 U.S.C. § 7433.").

As observed above at pages 7–9, the Government's assessment of Plaintiff as a responsible person under 26 U.S.C. § 6672 is an "assessment of tax" exempted from the automatic stay.[7] *See* 11 U.S.C. § 3 62(b)(9)(D); *see also Sotelo,* 98 S.Ct. at 1800 (construing the "penalty" prescribed in 26 U.S.C. § 6672 as a "tax"). According to Plaintiff, the damages sought in her Complaint derive solely from the Government's purported violation of the automatic stay. *See* Document No. 51 at 2–4. Because the disputed assessment did not violate the automatic stay prescribed in 11 U.S.C. § 362(a), Plaintiff has failed to state a cognizable claim for damages, and the Government's partial motion to dismiss will be granted.

### III. *Order*

Accordingly, it is

ORDERED that Plaintiff Saraleigh E. Looney's Motion for Partial Summary Judgment (Document No. 30) and her Amended Motion for Partial Summary Judgment (Document No. 35) are both DENIED. It is further ORDERED that Defendant United States of America's Partial Motion to Dismiss (Document No. 48) is GRANTED, and Plaintiff Looney's claim for damages is DISMISSED on the merits.

The Clerk shall notify all parties and provide them with a true copy of this Order.

---

7. Plaintiff additionally contends that the claimed damages derive in part from the Government's alleged violation of the automatic stay when it withheld her 2004 Form 1040 income tax refund of $2,607. Document No. 51 at 4 ¶ 4. A careful reading of the Complaint reflects that, although Plaintiff alleges that the Government "improperly" retained her tax refund, nowhere does she contend that this action violated the automatic stay in bankruptcy. Document No. 1 at 3 ¶ 21. The damages claim therefore cannot reasonably be construed to encompass a violation of the stay in bankruptcy based on the Government's retention of her tax refund.

To the extent that this claim is based on other alleged improper collection activities, for which 26 U.S.C. § 7433 provides the exclusive remedy, Plaintiff has not administratively exhausted such a claim as required under § 7433(d)(1). *See* Document No. 48 ex. 1 at 90:7–13 (admitting in her deposition that she was unaware if she filed with the I.R.S. a refund request asking for $1,000,000.00 in damages); *see also* 26 U.S.C. § 7433(a) (stating that "such civil action shall be the exclusive remedy for recovering damages resulting from" alleged wrongful collection practices by the IRS), (d)(1) (barring recovery of damages unless the plaintiff exhausted administrative remedies within the IRS). Thus, the Court lacks subject matter jurisdiction over any damages claim based on alleged improprieties by the IRS other than a violation of the automatic stay. *See, e.g., Venen v. United States,* 38 F.3d 100, 102–04 (3d Cir.1994) (affirming dismissal of unexhausted claims under §§ 7432 and 7433 for lack of subject matter jurisdiction).