# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-10569

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2015

Lyle W. Cayce
Clerk

In the Matter of:  JOE GAYLE BAKER,

>    Debtor,

------------------------------

JOHN W. BAKER,

>    Appellant,

v.

JOE GAYLE BAKER; CHARLES HAMILL JEFFREY TRUST,

>    Appellees.

---

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:13-CV-49

---

Before KING, DAVIS, and OWEN, Circuit Judges.

PER CURIAM:*

John W. Baker purchased property from a bankruptcy estate.  He later filed a motion to compel requesting the bankruptcy court to amend the deed.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-10569

The bankruptcy court denied the motion, and the district court affirmed.  For the reasons that follow, we affirm.

**I**

Joan Baker filed for divorce from Joe Baker.  Joe initiated bankruptcy proceedings under Chapter 12 a few months later.  The final divorce decree awarded Joe a property referred to as Poppies "as his sole and separate property" and divested Joan "of all right, title, interest, and claim in and to [Poppies.]"  The divorce decree included a draft deed conveying Poppies to Joe and reserving all mineral interests in Poppies to Joan and ordered Joan to execute the deed.  The bankruptcy court approved the divorce decree.

In accordance with the divorce decree, Joan executed the attached deed (the divorce deed) conveying Poppies to Joe but reserving for Joan "all oil, gas, and other minerals in and under and that may be produced from the property." A few months later, Joan conveyed her mineral interest in Poppies to the Charles Hamill Jeffrey Trust (the Trust).

Pursuant to Joe's bankruptcy reorganization plan, the estate sold Poppies to John W. Baker (Baker) for $319,456.50.  Prior to closing the sale, Baker received a title commitment, which contained a "reservation of 'all oil, gas, and other minerals in and under and that may be produced from [Poppies],' reserved unto grantor in Special Warranty Deed from Joan Baker to Joe Gayle Baker," with information about where to find this record.

In its amended order of sale, the bankruptcy court confirmed the sale and instructed the estate "to execute a general warranty deed conveying the estate's interest, surface and mineral," in Poppies to Baker.  The deed conveying Poppies to Baker (the Baker deed) lists general reservations and exceptions from the deed including "all presently recorded restrictions, reservations, [and] . . . mineral severances."  The sale of Poppies closed without objection by Baker.

2

No. 14-10569

Roughly eight months after the sale, Baker filed a motion to compel in the bankruptcy court asking it to amend the Baker deed to convey the mineral interests to him in conformity with the amended order of sale. The estate and the Trust filed responses in opposition.

Baker has also sought to challenge in state court the deed from Joan to Joe. That proceeding remains pending.

In the bankruptcy court, after a hearing, the bankruptcy court denied the motion to amend the estate's deed to Baker because that deed conveyed "all the surface and mineral interests [in Poppies] that the estate owned at the time of the conveyance," and Baker knew about the prior mineral severance and did not object at closing. Baker's appeal to the district court was denied. He now appeals to this court.

## II

Whether a court has bankruptcy jurisdiction is a "legal determination which we review *de novo*."[1] Bankruptcy courts find their source of jurisdiction in 28 U.S.C. §§ 157 and 1334.[2] However, "[a]fter a debtor's reorganization plan has been confirmed, the debtor's estate, and thus bankruptcy jurisdiction, ceases to exist, other than for matters pertaining to the implementation or execution of the plan."[3] "This jurisdiction extends to matters that 'impact

---

[1] *Newby v. Enron Corp. (In re Enron Corp. Sec.)*, 535 F.3d 325, 333 (5th Cir. 2008) (quoting *U.S., Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 546-47 (5th Cir. 2002)) (internal quotation marks omitted).

[2] *U.S. Brass Corp. v. Travelers Ins. Grp., Inc. (In re U.S. Brass Corp.)*, 301 F.3d 296, 303 (5th Cir. 2002); *see* 28 U.S.C. §§ 157 (providing for referral of certain cases from district courts to bankruptcy courts), 1334(a)-(b) (providing district courts with "original and exclusive jurisdiction of all cases under title 11" and "original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11").

[3] *Craig's Stores of Tex., Inc. v. Bank of La. (In re Craig's Stores of Tex., Inc.)*, 266 F.3d 388, 390 (5th Cir. 2001) (citing *Daleske v. Fairfield Cmtys., Inc. (In re Fairfield Cmtys., Inc.)*, 142 F.3d 1093, 1095 (8th Cir. 1998) and *Hosp. & Univ. Prop. Damage Claimants v. Johns-Manville Corp. (In re Johns-Manville Corp.)*, 7 F.3d 32, 34 (2d Cir. 1993)); *see also id.* at 391

compliance with or completion of the reorganization plan.'"[4]   A bankruptcy court "plainly ha[s] jurisdiction to interpret and enforce its own prior orders."[5]

Baker's motion to compel requested that the bankruptcy court review its prior orders, including the amended order of sale and the reorganization plan, and amend the Baker deed.  The parties do not contest, nor could they do so successfully, the bankruptcy court's jurisdiction to rule on the motion to compel.[6]

Baker argues, however, that the bankruptcy court exceeded its jurisdiction by ruling on a state-law issue, namely, whether the divorce deed complied with the divorce decree between Joe and Joan Baker.  The district court did not construe the bankruptcy court's decision as reaching the state-law issue.  We agree, and we do not construe the district court's order as reaching the state-law issue.  The deed from the estate to Baker conveyed whatever interest the estate had in the property as of the date of the deed's execution.  Baker's claims regarding what should have been conveyed by Joan to Joe in the divorce proceedings is a matter to be resolved in the state courts.

---

("In sum, the state law causes of action asserted by Craig's against the Bank do not bear on the *interpretation* or execution of the debtor's plan and therefore do not fall within the bankruptcy court's post-confirmation jurisdiction." (emphasis added)).

[4] *Highland Capital Mgmt. LP v. Chesapeake Energy Corp. (In re Seven Seas Petroleum, Inc.)*, 522 F.3d 575, 589 (5th Cir. 2008) (quoting *In re U.S. Brass Corp.*, 301 F.3d at 305).

[5] *Travelers Indem. Co. v. Bailey*, 557 U.S. 137, 151 (2009) (citing *Local Loan Co. v. Hunt*, 292 U.S. 234, 239 (1934)) (addressing post-confirmation jurisdiction); *see also Grossman v. Belridge Grp. (In re Lothian Oil, Inc.)*, 531 F. App'x 428, 436 n.9 (5th Cir. 2013) ("It is beyond dispute that a bankruptcy court has 'jurisdiction to interpret and enforce its own prior orders . . . .'" (quoting *Travelers Indem. Co.*, 557 U.S. at 151)); *Evercore Capital Partners II, L.L.C. v. Nancy Sue Davis Trust (In re Davis Offshore, L.P.)*, 644 F.3d 259, 262 n.3 (5th Cir. 2011) ("We are persuaded that [the bankruptcy court] had core jurisdiction to interpret the Plan and confirmation order pursuant to 28 U.S.C. § 157(b).").

[6] *See Travelers Indem. Co.*, 557 U.S. at 151.

No. 14-10569

\*     \*     \*

Because the bankruptcy court had jurisdiction over Baker's motion to compel, and the district court did not err in affirming the bankruptcy court's order,[7] we AFFIRM.

---

[7] *See Frazin v. Haynes & Boone, L.L.P. (In re Frazin)*, 732 F.3d 313, 317 (5th Cir. 2013) ("'We review a district court's affirmance of a bankruptcy court decision by applying the same standard of review to the bankruptcy court decision that the district court applied.' We thus review factual findings for clear error and legal conclusions de novo. 'When the district court has affirmed the bankruptcy court's findings, [the clear error] standard is strictly applied, and reversal is appropriate only when there is a firm conviction that error has been committed.'" (alteration in original) (citations omitted) (quoting *Stettner v. Smith (In re IFS Fin. Corp.)*, 669 F.3d 225, 260-61 (5th Cir. 2012))).